952 So.2d 598 (2007)
Nicky GRUENBAUM, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D06-3048.
District Court of Appeal of Florida, Fourth District.
March 21, 2007.
Nicky Gruenbaum, Okeechobee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for respondent.
KLEIN, J.
Gruenbaum has filed a petition alleging ineffective assistance of appellate counsel for failing to file a rule 3.800(b)(2) motion to correct a sentencing error where the scoresheet erroneously included points for sexual penetration. Gruenbaum, who is over fifty years old, argues that, under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because the jury did not find penetration, his seventy-two year sentences for multiple convictions of sexual battery should be reduced to sixty-five years.
Because Gruenbaum confessed to sexually penetrating the victim, did not contest the issue of penetration at trial, and acknowledged having a sexual relationship with the victim, a child, at sentencing, we conclude that the lack of a finding of penetration by the jury was harmless error. Our supreme court recently came to the same conclusion in Galindez v. State, Fla. L. Weekly S89, ___ So.2d ___, 2007 WL 471164 (Fla. Feb. 15, 2007), which involves strikingly similar facts, as well as the same error, lack of a jury finding of penetration. In Galindez the court relied on Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), which held that harmless error analysis does apply to error under Blakely and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).
The test applied by the Florida Supreme Court in Galindez, based on Recuenco, was whether it was clear beyond a reasonable doubt that a rational jury would have *599 found the defendant guilty of penetration. We conclude that the error is harmless under this test and accordingly deny the petition.
STONE and HAZOURI, JJ., concur.