**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-4450**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO DEMONTA HARVEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (4:03-cr-00088-H-4)

Submitted: February 26, 2007      Decided: March 29, 2007

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Demonta Harvey was convicted in 2004 for conspiracy to distribute and possess with intent to distribute cocaine base and other related drug trafficking offenses. He was sentenced to a term of 360 months of imprisonment. We affirmed Harvey's convictions, but vacated and remanded his sentence in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Harvey, 159 F. App'x 451 (4th Cir. 2005) (unpublished). On remand the district court imposed the alternative sentence of 240 months that it had announced at the first sentencing hearing. Harvey again appealed his sentence, contending that it was unreasonable because (1) he was sentenced in violation of the Sixth Amendment and (2) his sentence was based upon evidence lacking reliability. For the reasons set forth below, we affirm.

Harvey first contends that his Sixth Amendment rights were violated because his sentence was based, in part, upon findings made by the district court by a preponderance of the evidence. Relying on a dissenting opinion in United States v. Booker, 543 U.S. 220 (2005), he argues that sentencing must be predicated only upon facts found by a jury beyond a reasonable doubt. Harvey's argument ignores the majority opinions in Booker. Booker held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance

- 2 -

of the evidence violated the Sixth Amendment.  543 U.S. at 233-34. As we have previously explained, however, the court remedied the constitutional violation not by requiring sentencing facts to be found by a jury beyond a reasonable doubt, but by making the Guidelines advisory rather than mandatory.  See, e.g., United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006); United States v. Hughes, 401 F.3d 540, 546-56 (4th Cir. 2005).  Thus, because the Guidelines are now advisory rather than mandatory, "Booker does not in the end move any decision from judge to jury, or change the burden of persuasion . . . . [D]ecisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence."  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), cert. denied, 127 S. Ct. 121 (2006) (quoting McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.), cert. denied, 125 S. Ct. 2559 (2005)).

Here, the district court's post-Booker sentencing appropriately treated the Guidelines as advisory.  The sentencing court properly made factual findings concerning sentencing factors, including drug quantity, by a preponderance of the evidence.  The court sentenced Harvey after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker.  Further, Harvey's sentence is well below the 360-month minimum guideline sentence.  We thus reject any suggestion that Harvey's Sixth Amendment rights were infringed.

Harvey also contends that the district court erred by basing his sentence on evidence that was unreliable, specifically regarding testimony about drug quantity. The district court relied upon information in the presentence investigation report, which it independently found credible and reliable, and testimony admitted at trial. The district court did not abuse its discretion in relying on this evidence.

For these reasons, we find Harvey's sentence reasonable and affirm it. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED