[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
† On September 12, 2007, cause transferred to Court of Appeal, Second Appellate District, Division Seven, with directions.
OPINION
Charles Fluker appeals the sentence imposed by the trial court on his conviction for possession of cocaine in violation of Health and Safety Code section 11350, subdivision (a). Because the imposition of the upper term sentence for that offense based entirely on facts neither admitted by Fluker nor found true by the jury beyond a reasonable doubt violated his Sixth Amendment right to a jury trial as set forth inApprendi v. New Jersey (2000) 530 U.S. 466
[147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi), Blakely v. *Page 517 Washington (2004) 542 U.S. 296 [159 L.Ed.2d 403,124 S.Ct. 2531] (Blakely), and Cunningham v.California (2007) 549 U.S. [166 L.Ed.2d 856,127 S.Ct. 856] (Cunningham), we vacate the sentence and remand for resentencing.
 FACTUAL AND PROCEDURAL BACKGROUND Fluker was charged with possession of cocaine base for sale in violation of Health and Safety Code section 11351.5 and unlawful possession of ammunition in violation of Penal Code[1] section 12316, subdivision (b)(1). For both counts it was alleged that Fluker had suffered two prior serious felony convictions for purposes of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i) (the "Three Strikes" law). It was also alleged pursuant to Health and Safety Code section 11370.2, subdivision (a) that Fluker previously had been convicted of violations of several enumerated Health and Safety Code provisions.
 Fluker's first trial ended in a mistrial. During Fluker's second trial, the reporter's transcript shows the following events occurred: After both the prosecution and defense had rested, Fluker's defense attorney informed the court that Fluker asked for a continuance so that he could hire private counsel. The court denied the request and called for the jury to enter the courtroom. It appears that the jury had not yet entered[2] when Fluker asked to address the court, and the court refused to permit him to do so. Fluker protested, "I'm being forced to trial with an incompetent lawyer. . . . My constitutional rights have been violated[:] First Amendment, Fourth Amendment, Fifth, Sixth, and 16th Amendment."
The court responded, "How about the second and the third?" *Page 518 
 Fluker continued, referring to various motions, "I was denied 995. I have — was denied 1538.5 andPitchess motion. I was denied that and I was denied my witnesses to come in here and dispute what the police are saying on that they are lying." The court said, "Thank you."
Fluker asked the court, "[W]hat is the probable cause?" The court answered, "Sir, you have testified in this case. I don't allow [al]locution. At this point, if you want to participate in the trial, we will go forward. If you do not want to participate at this time the trial will go on." Fluker claimed a "173.5" violation, presumably a request for recusal. The court struck his statement because the request was untimely and because, the court said, it was not biased against Fluker.
Fluker then said, "I refuse," and the court said, "Do not get up. Do not try to escape." Fluker said, "I'm not staying in here." The court stated, "For the record the defendant tried to escape by standing up. [¶] The record should reflect that the defendant is now trying to resist as he is trying to stand up and escape from [the] courtroom." Fluker is reported to have said, "You know," and the court ordered him taken into lockup. The court excluded Fluker from the remainder of the trial because "he is trying to run from this trial and he expressed his in[t]ention and I tried to bring in the jury he tried to [s]top that by continuing his [al]locution."
Fluker was convicted of the lesser offense of possession of cocaine base (Health Saf. Code, § 11350, subd. (a)) and the charged offense of unlawful possession of ammunition. The jury also found that Fluker had sustained a prior conviction for violating section 459.
At sentencing, the court said the following regarding the decision of whether to impose the high, middle, or low term sentence on count 1: "Insofar as whether I should go low, mid, or high, in this particular case, defendant was disruptive in open court resulting in he [sic] being placed in a holding tank while we piped in the entire trial to him. He tried to escape in my courtroom, and this court does not feel that based upon the factors of aggravation of [California Rules of Court, rule] 4.421, subdivision (c), [3] there is no mitigating factor that this court can find." The court selected the high term of three years for count 1 and doubled it pursuant to section 1170.12, subdivisions (a) through (d), for a total of six years.
 The court elected to impose a consecutive sentence on count 2, and imposed a prison term of one-third the midterm on that count, doubled *Page 519 
pursuant to section 1170.12, subdivisions (a) through (d). This added 16 months to the six years already imposed on count 1 for a total sentence of seven years four months in prison. Fluker appeals.
 DISCUSSION The sole question on appeal is whether the imposition of the high term on count 1 on the basis of Fluker's courtroom conduct violated the Sixth Amendment as interpreted inApprendi, supra, 530 U.S. 466, Blakely,supra, 542 U.S. 296, and Cunningham, supra, 549 U.S. ___ [127 S.Ct. 856]. We conclude that the sentence is unconstitutional and must be vacated.
 The Attorney General contends Fluker waived or forfeited any Sixth Amendment error when he did not object on that ground in the trial court, as his sentencing hearing occurred well after Blakely, supra, 542 U.S. 296 was decided. We reject this contention. The forfeiture rule is not applied when an objection would have been futile. (People v.Boyette (2002) 29 Cal.4th 381, 432 [127 Cal.Rptr.2d 544,58 P.3d 391]; People v. Abbaszadeh (2003)106 Cal.App.4th 642, 648 [130 Cal.Rptr.2d 873].) At the time of the sentencing hearing in this case, August 1, 2006, the California Supreme Court had already decided People v. Black (2005)35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534], and the United States Supreme Court had not yet overruled Black inCunningham, supra, 549 U.S. ___ [127 S.Ct. 856]. In light of Black, it would have been futile for Fluker to object on the grounds that the jury rather than the trial court must find aggravating facts and that those facts must be found beyond a reasonable doubt. (§ 1170, subd. (b); Cal. Rules of Court, rules 4.420, 4.421.) Fluker has neither waived nor forfeited his claim that the procedure by which he was sentenced violates the Sixth Amendment.
 Here, the court imposed the high term sentence on the sole basis of its factual findings that Fluker's conduct in the courtroom constituted an escape attempt or disruption; this was not submitted to the jury or admitted by Fluker. The trial court's imposition of an upper term sentence based on its own factual finding of an aggravating circumstance that did not involve a prior conviction violated Fluker's constitutional right to a jury trial. (See Cunningham, supra, 549 U.S. at p. ___ [127 S.Ct. at pp. 863-864, 868].) (3) "[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." (Id. at p. ___ [127 S.Ct. at p. 860].)
 The Attorney General contends that the error is harmless under the standard set forth in Chapman v.California (1967) 386 U.S. 18 [17 L.Ed.2d 705,87 S.Ct. 824] (Washington v. Recuenco (2006) 548 U.S. ___ [165 L.Ed.2d 466, *Page 520 
474-476, 126 S.Ct. 2546, 2551-2553]; People v.Sengpadychith (2001) 26 Cal.4th 316, 327
[109 Cal.Rptr.2d 851, 27 P.3d 739] [Apprendi error evaluated underChapman standard]) because the jury would have found it true beyond a reasonable doubt that Fluker tried to escape if the evidence had been presented to it. Having reviewed the extremely limited evidence of what occurred in the courtroom, we cannot say beyond a reasonable doubt that the jury would have found it true beyond a reasonable doubt that Fluker tried to escape. The record indicates that immediately before the alleged escape attempt, the court advised Fluker that the trial would proceed with or without him: "At this point, if you want to participate in the trial, we will go forward. if you do not want to participate at this time the trial will go on." Fluker made one last objection, which the court denied. Then, all that can be gleaned from the reporter's transcript is that Fluker attempted to stand, stating "I refuse," and "I'm not staying in here." The court's comments are very clear that the court interpreted the mere effort to stand to constitute an escape attempt: "[T]he defendant tried to escape by standingup." (Italics added.) There is no indication that Fluker made any additional motion or attempt to flee, as the court then asked the bailiff to take Fluker to the lockup and stated, "The record will reflect that the defendant has been taken into the lock up and exited the courtroom" without reference to any further incident.
 There was no further discussion of whether the incident constituted an escape attempt because the trial court announced that it would tell the jury that Fluker "has chosen not to participate further in this trial," and this was acceptable to both counsel.
 We cannot know what additional evidence might have been submitted to the jury that might elucidate what Fluker did and what he was trying to do, had this incident in fact been presented to the jury. On the bare evidence from the reporter's transcript, we cannot say beyond a reasonable doubt that the jury would have found that Fluker's conduct constituted an escape attempt rather than the decision of a defendant, who was angry about the court's refusal to regard with any seriousness his allegations of constitutional deprivations and ineffective assistance of counsel, to accept the court's offer to withdraw from the trial. Accordingly, we cannot accept the Attorney General's contention that the error was harmless beyond a reasonable doubt because the jury would have found that there was an escape attempt or illegal interference with the judicial process.
 The Attorney General also argues that we should uphold the sentence because "even the omission of those circumstances that do not survive Chapman review would not have dissuaded the trial court from imposing the maximum sentence allowable in this case." The problem with this argument is that if we excise from the court's statement of reasons for imposing the *Page 521 
upper term the circumstances that do not surviveChapman review, we are left without any stated justification for the imposition of the upper term sentence on count 1. The trial court based the imposition of the upper term sentence entirely on the courtroom incident that the court characterized as an escape attempt, so removing that circumstance from the analysis eliminates the court's whole stated basis for the sentence.
 Of course, as the Attorney General observes, the trial court was aware of Fluker's criminal history. His prior residential burglary conviction from 1991 was submitted to the jury for the purposes of doubling his sentence on the present offenses under the Three Strikes law, and the jury found that prior conviction true. In addition to that offense, the Attorney General offered proof of a prior arson conviction in 1982, a PCP possession for sale conviction in 1979, and a forgery conviction in 1988. Additional criminal history, including earlier and out-of-state criminal convictions, was detailed in the probation report.
 There is no question that had the trial court relied on Fluker's prior convictions for the imposition of the upper term on count 1, the court could have imposed the upper term on that basis consistent with the Sixth Amendment. (Apprendi, supra, 530 U.S. at p. 490
["Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt" (italics added)];Almendarez-Torres v. United States (1998) 523 U.S. 224
[140 L.Ed.2d 350, 118 S.Ct. 1219] (Almendarez-Torres) But the court did not impose the upper term on the legitimate alternative basis of prior convictions in whole or in part: In fact, the court never mentioned Fluker's prior convictions at sentencing. Because the court did not rely on Fluker's past criminal convictions, we cannot determine whether the court would have found them sufficient to warrant the imposition of the upper terms if the court had considered them rather than the impermissible aggravating factor of attempted escape.
 This is not a case in which the upper term was clearly warranted. The court found no aggravating or mitigating factors relating to the crime. While defendant had numerous prior convictions, all were more than a decade old. Defendant had a long-term drug abuse problem dating back to an injury sustained during military service. Accordingly, we cannot say that basing the sentence entirely on the impermissible factual finding of an escape attempt was harmless because we cannot determine on this record whether the trial court would in fact have considered the prior convictions — convictions that to the trial court did not merit acknowledgement — to be sufficient to justify imposing the upper term sentence. *Page 522 
 It would be inappropriate to consider the error harmless merely because the trial court could legitimately have imposed the given sentence on an alternative basis that it did not even mention, let alone evaluate on the record. Upholding a sentence because the reviewing court could "theoretically manipulate" sentencing factors to uphold the given sentence "would make a travesty of proper sentencing procedure. Under the rubric of harmless error, we would, in effect, be instituting a two-step sentencing procedure for this case: the trial court chooses the length of defendant's sentence, and we provide the factual justification. Such an underlying procedural reality, however, is clearly at odds with our admonition to trial courts not to reason backward to justify a particular, arbitrarily chosen length of sentence. [Citations.]" (People v.Fernandez (1990) 226 Cal.App.3d 669, 684
[276 Cal.Rptr. 631] [declining to uphold sentence imposed improperly and without adequate explanation of choices simply because there were aggravating factors and no mitigating factors].)
 A single valid factor in aggravation suffices to support imposition of the upper term (People v. Osband
(1996) 13 Cal.4th 622, 730 [55 Cal.Rptr.2d 26, 919 P.2d 640]), and the trial court here found no circumstances in mitigation. Thus, we cannot say for certain on this record that the same term may not be imposed anew, consistent with Cunningham,supra, 549 U.S. ___ [127 S.Ct. 856]. Because of the trial court's statements and exclusive reliance on an impermissible nonrecidivist factor, however, we likewise cannot say with any confidence that the court would have imposed the upper term had it been aware it could not rely on that factor. As the record shows that the court could have properly imposed the upper term on count 1 based on the Almendarez-Torres exception for Fluker's prior convictions, we vacate the total sentence to open up the full array of discretionary choices for resentencing.
 Fluker argues that resentencing is improper for three reasons: the prosecutor waived any sentence above the midterm by not trying aggravating facts before the jury; double jeopardy; and the absence of any statutory procedures for conducting a jury trial on sentencing. All of Fluker's arguments are premised on the assumption that a jury trial on aggravating factors would be conducted at resentencing: It is that trial that he claims has been waived, would violate double jeopardy, and is not authorized by law. Fluker disregards the fact that a resentencing hearing at which the court considers whether Fluker's prior convictions merit imposing the upper term and revisits the entire sentence in light of that determination would not implicate those concerns. We therefore reject Fluker's argument that we must impose the middle term and instead remand the matter to the trial court for the trial court to exercise its discretion to resentence Fluker consistent withCunningham, supra, 549 U.S. ___ [127 S.Ct. 856] and the views expressed in this opinion. *Page 523 
 DISPOSITION The matter is remanded to the trial court with directions to exercise its discretion in resentencing defendant, consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.
Perluss, P. J., and Woods, J., concurred.
[1] Unless otherwise indicated, all further statutory references are to the Penal Code.
[2] It is obvious that there is an error in the reporter's transcript, as there are two indications of when the jury entered the courtroom, one before the incident occurred and one after — and no indication that the jury left the courtroom in between. It is clear that at the time of the incident, the court had called for the jury to enter the courtroom. Although the reporter's transcript indicates that the jury did enter the courtroom, it appears this is an error and that the second notation of the jury's entrance is correct. The postincident exchange between court and counsel is not one that would have taken place in front of the jury — the court and counsel discussed what the jury would be told about Fluker's absence. Not only would this advisement not make sense if the jury had witnessed the prior events, but the discussion about what to tell the jury would not have been conducted in the jury's presence, and presumably if the jury had witnessed the incident and seen the court accusing defendant of trying to escape, additional and different advisements would have been given by the court. Moreover, the court stated on the record that the interaction occurred as he was trying to bring in the jury, not that it occurred in front of the jury. Accordingly, we conclude that first reference to the jury's entrance was incorrect and that the incident occurred outside the presence of the jury.
[3] California Rules of Court, rule 4.421(c) states that circumstances in aggravation include "Any other facts statutorily declared to be circumstances in aggravation." It is unclear why the court referred to this portion of the rule. *Page 524