Justice Thomas
delivered the opinion of the Court.
Respondent Arturo Recuenco was convicted of assault in the second degree based on the jury’s finding that he assaulted his wife “with a deadly weapon.” App. 18. The *215 trial court applied a 3-year firearm enhancement to respondent’s sentence based on its own factual findings, in violation of Blakely v. Washington, 542 U. S. 296 (2004). On appeal, the Supreme Court of Washington vacated the sentence, concluding that Blakely violations can never be harmless. We granted certiorari to review this conclusion, 546 U. S. 960 (2005), and now reverse.
I
On September 18, 1999, respondent fought with his wife, Amy Recuenco. After screaming at her and smashing their stove, he threatened her with a gun. Based on this incident, the State of Washington charged respondent with assault in the second degree, i. e., “intentiona[l] assault . . . with a deadly weapon, to-wit: a handgun.” App. 3. Defense counsel proposed, and the court accepted, a special verdict form that directed the jury to make a specific finding whether respondent was “armed with a deadly weapon at the time of the commission of the crime.” Id., at 13. A “firearm” qualifies as a “deadly weapon” under Washington law. Wash. Rev. Code §9.94A.602 (2004). But nothing in the verdict form specifically required the jury to find that respondent had engaged in assault with a “firearm,” as opposed to any other kind of “deadly weapon.” The jury returned a verdict of guilty on the charge of assault in the second degree, and answered the special verdict question in the affirmative. App. 10, 13.
At sentencing, the State sought the low end of the standard range sentence for assault in the second degree (three months). It also sought a mandatory 3-year enhancement because respondent was armed with a “firearm,” § 9.94A.533(3)(b), rather than requesting the 1-year enhancement that would attend the jury’s finding that respondent was armed with a deadly weapon, § 9.94A.533(4)(b). The trial court concluded that respondent satisfied the condition for the firearm enhancement, and accordingly imposed a total sentence of 39 months.
*216 Before the Supreme Court of Washington heard respondent’s appeal, we decided Apprendi v. New Jersey, 530 U. S. 466 (2000), and Blakely, supra. In Apprendi, we held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U. S., at 490. In Blakely, we clarified that “the ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” 542 U. S., at 303 (emphasis in original). Because the trial court in this case could not have subjected respondent to a firearm enhancement based only on the jury’s finding that respondent was armed with a “deadly weapon,” the State conceded before the Supreme Court of Washington that a Sixth Amendment violation occurred under Blakely. 154 Wash. 2d 156, 162-163, 110 P. 3d 188, 191 (2005). See also Tr. of Oral Arg. 10-11.
The State urged the Supreme Court of Washington to find the Blakely error harmless and, accordingly, to affirm the sentence. In State v. Hughes, 154 Wash. 2d 118, 110 P. 3d 192 (2005), however, decided the same day as the present case, the Supreme Court of Washington declared Blakely error to be “‘structural’ erro[r]” which “‘will always invalidate the conviction.’ ” 154 Wash. 2d, at 142, 110 P. 3d, at 205 (quoting Sullivan v. Louisiana, 508 U. S. 275, 279 (1993)). As a result, the court refused to apply harmless-error analysis to the Blakely error infecting respondent’s sentence. Instead, it vacated his sentence and remanded for sentencing based solely on the deadly weapon enhancement. 154 Wash. 2d, at 164, 110 P. 3d, at 192.
II
Before reaching the merits, we must address respondent’s argument that we are without power to reverse the judgment of the Supreme Court of Washington because that *217 judgment rested on adequate and independent state-law grounds. Respondent claims that at the time of his conviction, Washington state law provided no procedure for a jury to determine whether a defendant was armed with a firearm. Therefore, he contends, it is impossible to conduct harmless-error analysis on the Blakely error in his case. Respondent bases his position on Hughes, in which the Supreme Court of Washington refused to “create a procedure to empanel juries on remand to find aggravating factors because the legislature did not provide such a procedure and, instead, explicitly assigned such findings to the trial court.” 154 Wash. 2d, at 151, 110 P. 3d, at 209. Respondent contends that, likewise, the Washington Legislature provided no procedure by which a jury could decide at trial whether a defendant was armed with a firearm, as opposed to a deadly weapon.
It is far from clear that respondent’s interpretation of Washington law is correct. See State v. Pharr, 131 Wash. App. 119, 124-125, 126 R 3d 66, 69 (2006) (affirming the trial court’s imposition of a firearm enhancement when the jury’s special verdict reflected a finding that the defendant was armed with a firearm). In Hughes, the Supreme Court of Washington carefully avoided reaching the conclusion respondent now advocates, instead expressly recognizing that “[w]e are presented only with the question of the appropriate remedy on remand—we do not decide here whether juries may be given special verdict forms or interrogatories to determine aggravating factors at trial.” 154 Wash. 2d, at 149, 110 R 3d, at 208. Accordingly, Hughes does not appear to foreclose the possibility that an error could be found harmless because the jury which convicted the defendant would have concluded, if given the opportunity, that a defendant was armed with a firearm.
The correctness of respondent’s interpretation of Washington law, however, is not determinative of the question that the Supreme Court of Washington decided and on which we granted review, i. e., whether Blakely error can ever be *218 deemed harmless. If respondent is correct that Washington law does not provide for a procedure by which his jury could have made a finding pertaining to his possession of a firearm, that merely suggests that respondent will be able to demonstrate that the Blakely violation in this particular case was not harmless. See Chapman v. California, 386 U. S. 18, 24 (1967). But that does not mean that Blakely error—which is of the same nature, whether it involves a fact that state law permits to be submitted to the jury or not—is structural, or that we are precluded from deciding that question. Thus, we need not resolve this open question of Washington law.[1]
Ill
We have repeatedly recognized that the commission of a constitutional error at trial alone does not entitle a defendant to automatic reversal. Instead, “ ‘most constitutional errors can be harmless.’ ” Neder v. United States, 527 U. S. 1, 8 (1999) (quoting Arizona v. Fulminante, 499 U. S. 279, 306 (1991)). “ ‘[I]f the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other [constitutional] errors that may have occurred are subject to harmless-error analysis.’ ” 527 U. S., at 8 (quoting Rose v. Clark, 478 U. S. 570, 579 (1986)). Only in rare cases has this Court held that an error is structural, and thus requires automatic reversal.[2] In such cases, the error “neces *219 sarily render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Neder, supra, at 9 (emphasis deleted).
We recently considered whether an error similar to that which occurred here was structural in Neder, supra. Neder was charged with mail fraud, in violation of 18 U. S. C. § 1341; wire fraud, in violation of § 1343; bank fraud, in violation of § 1344; and filing a false income tax return, in violation of 26 U. S. C. §7206(1). 527 U. S., at 6. At Neder’s trial, the District Court instructed the jury that it “‘need not consider’” the materiality of any false statements to convict Neder of the tax offenses or bank fraud, because materiality “‘is not a question for the jury to decide.’” Ibid. The court also failed to include materiality as an element of the offenses of mail fraud and wire fraud. Ibid. We determined that the District Court erred because under United States v. Gaudin, 515 U. S. 506 (1995), materiality is an element of the tax offense that must be found by the jury. We further determined that materiality is an element of the mail fraud, wire fraud, and bank fraud statutes, and thus must be submitted to the jury to support conviction of those crimes as well. Neder, 527 U. S., at 20. We nonetheless held that harmless-error analysis applied to these errors, because “an instruction that omits an element of the offense does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Id., at 9. See also Schriro v. Summerlin, 542 U. S. 348, 355-356 (2004) (rejecting the claim that Ring v. Arizona, 536 U. S. 584 (2002), which applied Apprendi to hold that a jury must find the existence of aggravating factors necessary to impose the death penalty, was a “ ‘ “watershed rul[e] of criminal procedure” implicating the fundamental fairness and accuracy of the criminal proceeding,’” in part because we could not “confidently say that judicial factfinding seriously diminishes accuracy”).
*220 The State and the United States urge that this case is indistinguishable from Neder. We agree. Our decision in Apprendi makes clear that “[a]ny possible distinction between an ‘element’ of a felony offense and a ‘sentencing factor’ was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation’s founding.” 530 U. S., at 478 (footnote omitted). Accordingly, we have treated sentencing factors, like elements, as facts that have to be tried to the jury and proved beyond a reasonable doubt. Id., at 483-484. The only difference between this case and Neder is that in Neder, the prosecution failed to prove the element of materiality to the jury beyond a reasonable doubt, while here the prosecution failed to prove the sentencing factor of “armed with a firearm” to the jury beyond a reasonable doubt. Assigning this distinction constitutional significance cannot be reconciled with our recognition in Apprendi that elements and sentencing factors must be treated the same for Sixth Amendment purposes.[3]
Respondent attempts to distinguish Neder on the ground that, in that case, the jury returned a guilty verdict on the offense for which the defendant was sentenced. Here, in contrast, the jury returned a guilty verdict only on the offense of assault in the second degree, and an affirmative answer to the sentencing question whether respondent was armed with a deadly weapon. Accordingly, respondent ar *221 gues, the trial court’s action in his case was the equivalent of a directed verdict of guilt on an offense (assault in the second degree while armed with a firearm) greater than the one for which the jury convicted him (assault in the second degree while armed with any deadly weapon). Rather than asking whether the jury would have returned the same verdict absent the error, as in Neder, respondent contends that applying harmless-error analysis here would “ ‘hypothesize a guilty verdict that [was] never in fact rendered,’ ” in violation of the jury-trial guarantee. Brief for Respondent 27 (quoting Sullivan, 508 U. S., at 279).
We find this distinction unpersuasive. Certainly, in Neder, the jury purported to have convicted the defendant of the crimes with which he was charged and for which he was sentenced. However, the jury was precluded “from making a finding on the actual element of the offense.” 527 U. S., at 10. Because Neder’s jury did not find him guilty of each of the elements of the offenses with which he was charged, its verdict is no more fairly described as a complete finding of guilt of the crimes for which the defendant was sentenced than is the verdict here. See id., at 31 (Scalia, J., concurring in part and dissenting in part) (“[S]ince all crimes require proof of more than one element to establish guilt... it follows that trial by jury means determination by a jury that all elements were proved. The Court does not contest this”). Put another way, we concluded that the error in Neder was subject to harmless-error analysis, even though the District Court there not only failed to submit the question of materiality to the jury, but also mistakenly concluded that the jury’s verdict was a complete verdict of guilt on the charges and imposed sentence accordingly. Thus, in order to find for respondent, we would have to conclude that harmless-error analysis would apply if Washington had a crime labeled “assault in the second degree while armed with a firearm,” and the trial court erroneously instructed the *222 jury that it was not required to find a deadly weapon or a firearm to convict, while harmless error does not apply in the present case. This result defies logic.[4]
* * *
Failure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error. Accordingly, we reverse the judgment of the Supreme Court of Washington and remand the case for further proceedings not inconsistent with this opinion.

It is so ordered.

 Respondent’s argument that, as a matter of state law, the Blakely v. Washington, 542 U. S. 296 (2004), error was not harmless remains open to him on remand.

 See Neder v. United States, 527 U. S. 1, 8 (1999) (citing Johnson v. United States, 520 U. S. 461, 468 (1997), in turn citing Gideon v. Wainwright, 372 U. S. 335 (1963) (complete denial of counsel); Tumey v. Ohio, 273 U. S. 510 (1927) (biased trial judge); Vasquez v. Hillery, 474 U. S. 254 (1986) (racial discrimination in selection of grand jury); McKaskle v. Wiggins, 465 U. S. 168 (1984) (denial of self-representation at trial); Waller v. Georgia, 467 U. S. 39 (1984) (denial of public trial); Sullivan v. Louisiana, 508 U. S. 275 (1993) (defective reasonable-doubt instruction)).

 Respondent also attempts to evade Neder by characterizing this as a case of charging error, rather than of judicial factfinding. Brief for Respondent 16-19. Because the Supreme Court of Washington treated the error as one of the latter type, we treat it similarly. See 154 Wash. 2d 156, 159-161, 110 P. 3d 188, 189-190 (2005) (considering “whether imposition of a firearm enhancement without a jury finding that Recuenco was armed with a firearm beyond a reasonable doubt violated Recueneo’s Sixth Amendment right to a jury trial as defined by Apprendi v. New Jersey, 530 U. S. 466 [(2000)], and its progeny,” and whether the Apprendi and Blakely error, if uninvited, could “be deemed harmless”).

 The Supreme Court of Washington reached the contrary conclusion based on language from Sullivan. See State v. Hughes, 154 Wash. 2d 118, 144, 110 P. 3d 192, 205 (2005) (“ ‘There being no jury verdict of guilty-beyond-a-reasonable-doubt, the question whether the same verdict of guilty-beyond-a-reasonable-doubt would have been rendered absent the constitutional error is utterly meaningless. There is no object, so to speak, upon which harmless-error scrutiny can operate’” (quoting Sullivan, 508 U. S., at 280)). Here, as in Neder, “this strand of reasoning in Sullivan does provide support for [respondent]’s position.” 527 U. S., at 11. We recognized in Neder, however, that a broad interpretation of our language from Sullivan is inconsistent with our case law. 527 U. S., at 11-15. Because the jury in Neder, as here, failed to return a complete verdict of guilty beyond a reasonable doubt, our rejection of Neder’s proposed application of the language from Sullivan compels our rejection of this argument here.