**Ernest M. COX, Petitioner–Appellant,**

v.

**Jeanne S. WOODFORD, Respondent–Appellee.**

No. 05–56495.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2006.*

Filed Dec. 11, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Allen Robert Bloom, Esq., Law Offices of Allen R. Bloom, San Diego, CA, for Petitioner–Appellant.

AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: CUDAHY,** GRABER, and IKUTA, Circuit Judges.

MEMORANDUM ***

On November 7, 2000, a jury found Ernest Cox guilty of the attempted murder of his wife, Ruth Cox, and in a separate count, guilty of her murder. Following unsuccessful state court appeals, Cox petitioned for a writ of habeas corpus, which the district court denied on August 11, 2005. The district court granted a certificate of appealability for two of Cox's claims, which are now before us.

We have jurisdiction under 28 U.S.C. § 2253(a). We review de novo the district court's decision. *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant Cox's habeas petition unless the state appellate court's adjudication of the claims raised in the petition was "con-

** The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

trary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under the applicable Supreme Court precedent, even when there is an error of constitutional proportion, the state court is not required to reverse if it determines the error was "harmless beyond a reasonable doubt." *Chapman v. State of California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Cox first claims that the written instruction given to the jury on the murder count improperly included references to felony-murder. Cox argues that the jury could have relied on the erroneous instruction to convict him of murder based on the predicate of assault with a deadly weapon, which was before the jury as a lesser included offense in the attempted murder count. Assault with a deadly weapon cannot be a predicate for felony-murder in California. Cox claims that this error violated his due process rights.

■ The California Court of Appeal determined that the jury's verdict did not rely on an improper theory for several reasons. The trial judge correctly instructed the jury orally, and neither counsel argued the felony-murder theory. In addition, the felony-murder theory did not require a finding of malice, but the jury found two special circumstances (murder for financial gain and murder by lying in wait) which required such a finding. Accordingly, the state court held that any instructional error on the murder count was "harmless beyond a reasonable doubt" under *Chapman*, 386 U.S. at 24, 87 S.Ct. 824. This conclusion is not contrary to, or an unreasonable application of, Supreme Court precedent.

Second, Cox claims that the state court improperly failed to define "domestic violence" in the jury instructions for the violation of California Penal Code section 12022.7, which provides an enhancement for a person who personally inflicts great bodily injury under circumstances involving domestic violence. "Domestic violence" is defined as "intentionally or recklessly causing or attempting to cause bodily injury" against a spouse or other specified person. CAL. PEN.CODE § 13700(a) and (b). Cox argues that this omission represents a due process violation and structural error under *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that requires automatic reversal.

■ The California Court of Appeal concluded that this instructional error was a federal constitutional error, but that it was harmless beyond a reasonable doubt. Cox did not deny that Ruth was his spouse or that she suffered bodily injury. By finding Cox guilty of attempted murder, the jury necessarily found that Cox intentionally caused his spouse's injury. Therefore, the state court concluded that the exclusion of an instruction on domestic violence "could not have contributed to the jury's verdict." At the time of the state court's decision, the Supreme Court had determined that jury instructional errors were subject to harmless error analysis. *Johnson v. United States*, 520 U.S. 461, 469, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Subsequently, the Supreme Court affirmed that *Apprendi* errors do not warrant automatic reversal. *Washington v. Recuenco*, —— U.S. ——, 126 S.Ct. 2546, 2551–53, 165 L.Ed.2d 466 (2006); *see also United States v. Banuelos*, 322 F.3d 700, 705 (9th Cir.2003). Thus, the state court's conclusion was not contrary to, or an unreasonable application of, Supreme Court precedent.

AFFIRMED.