**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5276

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

versus

JAMAR DEVENZIO ROBINSON,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.   Matthew J. Perry, Jr., Senior District Judge.  (CR-04-875)

Argued:  October 26, 2006            Decided:  January 11, 2007

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished opinion.  Judge Traxler wrote the opinion for the court.   Judge Gregory wrote an opinion concurring in the result.  Judge Shedd wrote an opinion concurring in the result.

**ARGUED:** Stanley D. Ragsdale, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellant.  Robert E. Hood, STROM LAW FIRM, L.L.C., Columbia, South Carolina, for Appellee. **ON BRIEF:** Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

TRAXLER, Circuit Judge:

Jamar Devenzio Robinson pled guilty to conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of crack cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). Although the charges carried a mandatory minimum sentence of ten years, see 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1999), the district court imposed a sentence of 60 months imprisonment. The government appealed, arguing that the sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005). For the following reasons, we vacate the sentence and remand for resentencing.

I.

The district court held a sentencing hearing on December 1, 2005. The presentence report ("PSR") determined Robinson's total offense level to be 37, which included a two-level role-in-the-offense enhancement. The enhancement was based on Robinson's statement to the FBI that he supervised two other people in his drug distribution activities. See U.S.S.G. § 3B1.1(c) (increasing the defendant's total offense level by two levels if "based on the defendant's role in the offense, . . . the defendant was an organizer, leader, manager, or supervisor in any criminal activity"); U.S.S.G. § 3B1.1, comment. (n.2) ("To qualify for an adjustment under this section, the defendant must have been the

2

organizer, leader, manager, or supervisor of one or more other participants.").

The district court considered the pertinent part of the PSR, which recounted statements Robinson gave to the FBI indicating he had two people selling crack for him. J.A. 90. While Robinson did not contest the accuracy of this part of the PSR, he disputed that it could serve as a basis for the role enhancement. Robinson argued that the statement did not establish that he was an organizer, supervisor, or leader because the statement did not indicate evidence of decision-making, recruitment, a right to a larger share of the fruits of the crime, or any authority or control over others. The government countered that Robinson's statement amounted to an admission of leadership over two other individuals, thus satisfying the requirement for the leadership enhancement.

After considering the arguments of counsel, the district court declined to impose the role enhancement on grounds that had not been raised. Concluding that the language of the indictment did not explicitly charge Robinson with being a leader or organizer and that the jury did not find that role, the district court sustained the objection and declined to apply the leadership enhancement. J.A. 56-57. Having concluded that the leadership enhancement did not apply, the court held that Robinson qualified for the safety valve provisions of the guidelines, which permitted the district

3

court to sentence Robinson below the mandatory minimum of ten years.  See U.S.S.G. § 5C1.2.  The district court imposed a sentence of 60 months imprisonment.

II.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.  Thereafter, in Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court held that

> the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

Id. at 303-04 (citations omitted). Because of the similarities between the sentencing scheme at issue in Blakely and the Federal Sentencing Guidelines, questions about the constitutionality of the guidelines arose.  While some courts concluded that the guidelines were unaffected by Blakely, see, e.g., United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004) (en banc), vacated 543 U.S. 1097 (2005), others concluded that no guideline enhancements could be applied unless the facts supporting the enhancement were alleged in the indictment and found by the jury, see, e.g., United States v.

4

Fanfan, 2004 U.S. Dist. LEXIS 18593 (D. Me. 2004). Thus, in the uncertainty between Blakely and Booker, it was reasonable to assume that enhancements, other than prior conviction enhancements, had to be pled in the indictment and the facts supporting those enhancements found by the jury beyond a reasonable doubt.

The Supreme Court resolved this issue with its opinion in Booker. The Supreme Court applied Blakely to the guidelines and concluded that "the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum authorized by the facts found by the jury alone." United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (citing Booker, 543 U.S. at 244). The Supreme Court remedied the constitutional violation by excising the mandatory language from the sentencing guidelines, so that "the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines." Id. Because the sentencing guidelines are now advisory post Booker, it is clear that the facts supporting a sentencing enhancement need not be alleged in the indictments to be used in the proper calculation of a defendant's sentence. See Booker, 543 U.S. at 233, 259.

In the wake of Booker, the district court when sentencing a criminal defendant must:

> (1) properly calculate the sentence range recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in § 3553(a) and, if not,

5

> select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the reasons for selecting the particular sentence, especially explaining why a sentence outside of the Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a).

United States v. Green, 436 F.3d 449, 456 (4th Cir.) (footnote omitted), cert. denied, 126 S. Ct. 2309 (2006).  We review the district court's legal conclusions de novo and its findings of fact for clear error.  See id.

The government argues, and Robinson concedes, that the absence of any leadership facts in the indictment does not preclude application of a leadership enhancement when calculating the advisory guidelines sentencing range.  We agree.  Accordingly, we vacate the sentence and remand for further proceedings consistent with this opinion.


III.

Based on the foregoing, we vacate Robinson's sentence and remand this case for resentencing.


VACATED AND REMANDED

6

GREGORY, Circuit Judge, concurring:

I agree that the district court must resentence Robinson because United States v. Booker, 543 U.S. 220 (2005), does not require a sentencing enhancement to be alleged in the indictment. I write to emphasize that, notwithstanding the error in sentencing, this Court does not resolve the question concerning applicability of the leadership enhancement. It is the district court's province to decide, at the resentencing hearing, whether the United States has proven by a preponderance of the evidence that Robinson acted in such a leadership capacity as to warrant the application of the two-level leadership enhancement.

SHEDD, Circuit Judge, concurring:

I agree that the district court erred and that Robinson must be resentenced because of this error.  I write separately to note that at the time of the sentencing, United States v. Booker, 543 U.S. 220 (2005), had (as Judge Traxler explains) clearly established "that the facts supporting a sentencing enhancement need not be alleged in the indictments to be used in the proper calculation of a defendant's sentence."  Therefore, regardless of the reasonableness of any pre-Booker assumption on this point, there was no basis for the district court's contrary sua sponte ruling in this case.