STATE OF NORTH CAROLINA
v.
DEWEY GRACEAON SPRINKLE.
No. COA04-1291-2
North Carolina Court of Appeals
Filed February 20, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Jane Rankin Thompson, for the State.
Mercedes O. Chut for defendant.
McCULLOUGH, Judge.
On 29 December 2006, our Supreme Court entered an order allowing the Attorney General's Petition for Discretionary Review for the limited purpose of (1) vacating the portion of our opinion ordering remand to the trial court for resentencing, and (2) remanding this case to us for reconsideration in light of State v. Timothy Earl Blackwell, ___ N.C. ___, ___ S.E.2d ___ (15 December 2006) (No. 490PA04-2). On 31 January 2007, we filed an order stating that we will reconsider this case as directed by the order of our Supreme Court without additional briefs or oral arguments. Therefore, except as herein modified, the opinion we filed on 20 September 2005 remains in full force and effect.
Pursuant to a case which has subsequently been withdrawn, our Supreme Court has treated errors under Blakely as structural errors that are reversible per se. State v. Allen, 359 N.C. 425, 449, 615 S.E.2d 256, 272 (2005), withdrawn, 360 N.C. 569, 635 S.E.2d 899 (2006). However, in a recent case, Washington v. Recuenco, ___ U.S. ___, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the United States Supreme Court held that "[f]ailure to submit a sentencing factor to the jury . . . is not structural error." Id. at 2553, 165 L. Ed. 2d at 477. Thereafter, our Supreme Court has held in State v. Blackwell, ___ N.C. ___, [638] S.E.2d [452] (2006), that according to Recuenco, the failure to submit a sentencing factor to the jury is subject to harmless error review. Id. at ___, [638] S.E.2d at [456].
State v. McQueen, ___ N.C. App. ___, ___ S.E.2d ___, ___ (16 January 2007) (No. COA06-203).
In the instant case, the trial court found defendant guilty of two counts of taking indecent liberties with a child in 1999 and one count of taking indecent liberties with a child in 2001. Then, the trial court found, as an aggravating factor, that defendant took advantage of a position of trust or confidence to commit the offense. We determine the trial court's failure to submit this sentencing factor to the jury was harmless error. During trial, the State presented evidence that defendant molested his granddaughter for many years starting when she was about five years old. Based on the date of the offenses stated in the judgments, defendant's granddaughter would have been nine years old and twelve years old on the particular dates of the offenses. Further, testimony provided during defendant's sentencing illustrated that the victim loved and trusted defendant. Accordingly, it was harmless error for the trial court to not submit this sentencing factor to the jury. No prejudicial error.
Judges STEELMAN and STEPHENS concur.
Report per Rule 30(e).