MARTIN, Chief Judge.
This case comes before us on remand from the North Carolina Supreme Court in order that we may reexamine the issue of sentencing in light of its recent decision in State v. Blackwell, 361 N.C. 41, 638 S.E.2d 452 (2006). The Court in Blackwell held that according to Washington v. Recuenco, ____ U.S. ____, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), the failure to submit a sentencing factor to the jury is subject to harmless error review. Blackwell, 361 N.C. at 44, 638 S.E.2d at 455. We now review only the issue of whether the error in defendant's sentencing, as determined in our previous opinion, was harmless, or whether defendant is entitled to a new sentencing hearing.
Defendant asserts that his sentence for attempted voluntary manslaughter was enhanced based upon an aggravating factor found by the trial judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt, and therefore violates his rights under the Sixth Amendment to the United States Constitution. In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the United States Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. at 301, 124 S.Ct. at 2536, 159 L.Ed.2d at 412 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435, 455 (2000)). In the present case defendant's sentence was enhanced by an additional term of imprisonment based on the aggravating factor that "[t]he victim of this offense suffered serious injury that is permanent and debilitating" which was found by the trial court and not by a jury. Thus, the trial court committed error under Blakely.
According to Blackwell, Blakely error is subject to the harmless error analysis set forth in Neder v. United States, 527 U.S. 1, 9, 119 S.Ct. 1827, 1834, 144 L.Ed.2d 35, 47 (1999). See Blackwell, 361 N.C. at 49, 638 S.E.2d at 458. Neder requires this Court to "determine from the record whether the evidence against the defendant was so `overwhelming' and `uncontroverted' that *832 any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." Id.
The uncontroverted testimony at the resentencing hearing revealed that the victim permanently lost her sight in her left eye and had to get a prosthetic eye, has severe migraine headaches, has seizures in both of her legs, has no control at all in her right hand, and has no feeling in her right side or the bottom of her feet. The victim further testified that she can no longer cook or drive at night, and she has trouble remembering things. This evidence is so overwhelming and uncontroverted that any rational fact-finder would have found that the victim suffered a serious injury that is permanent and debilitating beyond a reasonable doubt. Accordingly, the error is harmless.
Except as herein modified, the opinion filed by the Court on 19 July 2005 remains in full force and effect.
No error.
Judges JACKSON and STROUD concur.