STATE OF NORTH CAROLINA v. EDDIE CAPLE

No. COA04-860-2

(Filed 4 September 2007)

**Sentencing— aggravating factor—*Blakely* error—prejudice**

The trial court committed *Blakely* error in a robbery with a firearm case by finding as a nonstatutory aggravating factor that defendant's actions endangered multiple persons and victims continue to have emotional distress, and the case is remanded for resentencing because: (1) the facts for the aggravating factor were neither presented to the jury nor proved beyond a reasonable doubt; and (2) harmless error review revealed that the evidence was not so overwhelming or uncontroverted that any rational factfinder would have found this aggravating factor beyond a reasonable doubt.

Judge STEELMAN dissenting.

Appeal by defendant from judgment entered 7 January 2004 by Judge B. Craig Ellis in Superior Court, Robeson County. Heard in the Court of Appeals 15 February 2005, and opinion filed 2 August 2005, finding sentencing error and remanding for resentencing. Remanded to this Court by order of the North Carolina Supreme Court for reconsideration in light of *State v. Blackwell,* 361 N.C. 41, 638 S.E.2d 452 (2006).

*Attorney General Roy Cooper, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*Paul F. Herzog for defendant-appellant.*

WYNN, Judge.

This case is before us on remand from the North Carolina Supreme Court to reexamine Defendant Eddie Caple's sentencing in light of *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, 127 S. Ct. 2281, 167 L. Ed. 2d 1114 (2007). During Defendant's sentencing hearing, the trial court found as an aggravating factor that "Defendant's actions endangered multiple persons and victims continue to have emotional distress." Because we find that the evidence was not so overwhelming or uncontroverted that any rational factfinder would have found this aggravating factor beyond a reasonable doubt, we remand for resentencing.

At trial, the State offered evidence that tended to show that at approximately 10:00 a.m. on 30 December 2002, Defendant forced an employee at Maxton Town Hall to reenter the customer service area where citizens paid their bills and to give him the money in a drawer behind the counter. Defendant used a gun during the commission of this robbery, firing a shot which lodged in the wall near the door of the men's bathroom, and took approximately $255 from the office. Four Town Hall employees were immediately affected by the events of the robbery.

One of these employees, Leslie Nicole Jones, testified that at the time of the investigation into the robbery, she knew the identity of Defendant but did not tell police because she was scared for herself and her four children. Ms. Jones also stated that she was so traumatized by the robbery that she was unable to return to her job with the Town of Maxton and that she continued to be afraid of Defendant, although he had not made any threats against her. There was also testimony that Ms. Jones had been fired from her job at Town Hall because of poor job performance.

Another employee, Annette Huguley, who was on the second floor of Town Hall at the time of the robbery and thus not directly involved, testified that she has been fearful that it would happen again and that, despite new security cameras and other precautions, employees continue to be afraid. Ms. Huguley said that at least one employee directly affected by the robbery now refuses to work downstairs by herself, and that she has recommended that all the employees get counseling because of the way in which the robbery has impacted them.

After a jury found Defendant guilty of robbery with a firearm, the trial court found a non-statutory aggravating factor that "Defendant's

actions endangered multiple persons and victims continue to have emotional distress." The trial court further found that the aggravating factor outweighed the two mitigating factors and sentenced Defendant in the aggravated range of ninety-five to one hundred twenty-three months' imprisonment. Defendant appealed, arguing that the trial court committed a *Blakely* error by sentencing him in the aggravated range, in violation of his Sixth Amendment right to a jury trial. We agree.

In *Blakely v. Washington,* the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt[]" in order to safeguard a defendant's Sixth Amendment right to trial by jury. 542 U.S. 296, 301, 159 L. Ed. 2d 403, 412 (quoting *Apprendi v. New Jersey,* 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455 (2000)), *reh'g denied,* 542 U.S. 961, 159 L. Ed. 2d 851 (2004). More recently, in *Washington v. Recuenco,* the Supreme Court further held that failure to submit a sentencing factor to the jury was not structural error but was subject to harmless error review. 126 S. Ct. 2546, 2553, 165 L. Ed. 2d 466, 477 (2006).

Our Supreme Court applied *Blakely* and *Recuenco* in *State v. Blackwell,* conducting a two-step analysis to determine first if the trial court had committed a *Blakely* error by finding an aggravated factor rather than submitting it to the jury, and if so, whether such error was harmless beyond a reasonable doubt. 361 N.C. at 49-50, 638 S.E.2d at 458. Harmless error review in this context requires "determin[ing] from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational factfinder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.* at 49, 638 S.E.2d at 458 (quoting *Neder v. United States,* 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)).

North Carolina law further states that a violation of a defendant's constitutional rights is "prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt[,]" with the burden on the State to demonstrate such harmlessness. N.C. Gen. Stat. § 15A-1443(b) (2005). Nevertheless,

> [A] defendant may not avoid a conclusion that evidence of an aggravating factor is "uncontroverted" by merely raising an objection at trial. *See, e.g., Neder,* 527 U.S. at 19, 144 L. Ed. 2d at 47. Instead, the defendant must "bring forth facts contesting the

omitted element," and must have "raised evidence sufficient to support a contrary finding." *Id.*

*Blackwell*, 361 N.C. at 50, 638 S.E.2d at 458.

In the instant case, it is undisputed that the facts for the aggravated factor that "Defendant's actions endangered multiple persons and victims continue to have emotional distress[]" were neither presented to the jury nor proved beyond a reasonable doubt. We, therefore, conclude that the trial court did commit a *Blakely* error and turn now to the question of whether such error was harmless beyond a reasonable doubt.

Although the State offered testimony that the Town Hall employees, particularly Ms. Jones, were traumatized by the robbery and had ongoing emotional problems relating to the crime, there was also testimony that, in the case of Ms. Jones, she had left her job not because of emotional distress but because she was fired due to poor job performance. Given this conflicting evidence, we find that the aggravating factor found by the trial court, particularly that portion concerning the victims' continuing "emotional distress," was not shown by the State through "overwhelming" or "uncontroverted" evidence such that any rational factfinder would have found it beyond a reasonable doubt. As such, we conclude that the trial court's *Blakely* error was not harmless and remand for resentencing.

Remanded.

Judge STROUD concurs.

Judge STEELMAN dissents in a separate opinion.

STEELMAN, Judge dissenting.

While I agree with the majority's recitation of *Blackwell's* two part test, I would hold that the State has shown "overwhelming" and "uncontroverted" evidence that "Defendant's actions endangered multiple persons and victims continue to have emotional distress." For the reasons set out below, I respectfully dissent.

There is no dispute that the trial judge committed a *Blakely* error by finding a non-statutory aggravating factor without submitting it to the jury. My disagreement is with the majority's application of the second *Blackwell* prong, which requires that the error be harmless

beyond a reasonable doubt. To be harmless beyond a reasonable doubt "the evidence against the defendant [must be] so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *State v. Blackwell*, 361 N.C. 41, 50, 638 S.E.2d 452 (2006).

In the instant case, the State provided uncontroverted evidence from the trial and sentencing hearing that multiple people were in the Town Hall at the time of the robbery. The State has also offered evidence showing that defendant fired one shot into the air as he was leaving the building, which could have injured any of the people in the area. Defendant does not contest these facts. Therefore, as in *Blackwell*, the State's evidence constitutes uncontroverted and overwhelming evidence that defendant did endanger multiple persons.

The State presented testimony from two witnesses that the victims continue to suffer emotional distress. Leslie Jones testified, "I am still scared. I am still nervous. It's not going to be able to end . . . There's not going to be an end so I'm nervous." Annette Huguley testified that "the effect that the robbery had on [her] on that particular day and today has been very fearful." Ms. Huguley then stated, "It had put a lot of fear in me, myself, I can say. It feared me then and it still fears me now." In response to the State's question regarding the impact of the robbery on the other workers, Ms. Huguley said, "Nicole Jones left . . . Ms. Johnson will not stay down there by herself, and it has caused everybody to always look at our customers totally different now when they come in because we don't know if they're coming to pay a bill or to rob us . . . we just look at it totally different now." This testimony demonstrates that Ms. Huguley, Ms. Jones and Ms. Johnson all continue to suffer emotional distress.

The trial court found a non-statutory aggravating factor that "Defendant's actions endangered multiple persons and victims continue to have emotional distress." There is uncontroverted and overwhelming evidence that defendant endangered multiple persons. The majority does not dispute this. However, the majority contends that there is not uncontroverted and overwhelming evidence that the victims continue to suffer emotional distress. Specifically, it notes that defendant elicited testimony that Ms. Jones left her job not because of emotional distress but due to poor job performance.

I would hold that even excluding the testimony pertaining to Ms. Jones, there is still sufficient uncontroverted and overwhelming evi-

dence that Ms. Johnson and Ms. Huguley continue to experience emotional distress. Therefore, "taken together, the State's evidence, [D]efendant's failure to object, and [D]efendant's failure to present any arguments or evidence contesting the sole aggravating factor constitute uncontroverted and overwhelming evidence," *Blackwell*, 361 N.C. at 51, 638 S.E.2d at 459, that Ms. Johnson and Ms. Huguley continue to experience emotional distress. Thus, even if Ms. Jones was fired because of her poor job performance, rather than continuing emotional distress, there is sufficient evidence to demonstrate that "victims continue to have emotional distress" and that the trial judge's *Blakely* error was harmless beyond a reasonable doubt.