[No. B195340. Second Dist., Div. Four. Nov. 21, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
SAUL ALBERTO LANDAVERDE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts 1., 2. and 4. of the Discussion.

### COUNSEL

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

### OPINION

**MANELLA, J.—**

## INTRODUCTION

Appellant Saul Alberto Landaverde appeals from his conviction of continuous sexual abuse of a child under the age of 14, in violation of Penal Code

section 288.5, subdivision (a), as charged in count 2 of the information. He contends the trial court should have excluded evidence of a prior, uncharged sex offense against a different victim. Appellant also contends the court erred in instructing the jury with CALJIC No. 2.50.01, and that the imposition of the upper term of imprisonment violated his right to a jury trial and due process pursuant to *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856] (*Cunningham*). Finally, appellant contends the order requiring his submission to an AIDS/HIV test should be vacated, because the trial court failed to make the required finding of probable cause to believe there was transmission of bodily fluid. We reject appellant's contentions and affirm the judgment.

## PROCEDURAL BACKGROUND

Appellant was charged with two counts of lewd acts upon a child under the age of 14, one count of continuous sexual abuse of a child under the age of 14 and one count of sodomy upon a person under the age of 14. The trial court dismissed three of the charges in furtherance of justice, and the jury convicted appellant of count 2, continuous sexual abuse of a child under the age of 14, committed between May 4, 2003, and December 23, 2005. On November 21, 2006, appellant was sentenced to the upper term of 16 years in prison, and the same day, he timely filed a notice of appeal.

## FACTS

Appellant's 12-year-old daughter, V.L., testified that in December 2005, she lived with her mother and father, as well as two younger siblings with whom she shared a bedroom. The evening of December 23, 2005, she was sleeping in the living room on a mattress on the floor, while her brother and sister slept on the couch, waiting for their mother to come home from a meeting. Appellant lay down on the mattress with her, positioned himself on top of her, and pulled her shorts and underwear down, exposing her buttocks, which he rubbed with his hands while trying to insert his penis in her anus. V.L. woke up, but said nothing at first, pretending to sleep. Then she moved away from him, woke up her siblings and moved to their bedroom. V.L. called her mother, using her cell phone. She did not reach her mother, but left a message, telling her it was an emergency, and she was needed at home. Two days later, she told her mother what had happened, and told her that something similar had happened when she was nine or 11. They went to the police and to a doctor for a medical examination. At the end of the examination, they were told to return, but did not do so.

V.L. described two earlier experiences. She was still asleep one morning, lying on her back with her clothes on. Her siblings were playing outside, and

her mother had gone for bread. Appellant came in from outside and tried to have what she described as "sexual relationships" with her, rubbing his body against her. They were both clothed, and his penis was not exposed.

The next day, V.L. was in the shower, when appellant got into the shower with her, pushed her against him, and touched her chest and buttocks. Both were nude. V.L.'s siblings were outside playing, and her mother was at work. V.L. testified that a few times after that, appellant touched her chest and buttocks, but did not get in the shower again.

Prosecution's witness Z.M. was permitted to testify over appellant's objection that her testimony would be more prejudicial than probative. Z.M., who was 23 years old at the time of her testimony, described events that had taken place eight years earlier, when Z.M. was 15, and her father and appellant were friends. V.L. was about four years old at the time, and Z.M. would babysit or just visit the family occasionally, as the two families were very close.

When V.L.'s mother, Anita, was recovering from a cesarean section, Z.M. came to help with V.L. and her brother. Z.M. slept in the only bedroom with the two children, V.L.'s brother in a bunk bed, and V.L. and Z.M. together in a king-size bed, while Anita slept in the living room with the baby. One night at approximately 4:00 a.m., appellant came into the bedroom, stood near her and watched her while touching the outside of her left thigh. Z.M. was not asleep, but did not make eye contact with appellant. Appellant picked up V.L., placed her on the empty bunk bed, and then left, returning three minutes later wearing only shorts. Z.M. testified that appellant, who was nude by that time, lay down next to her and touched "[her] vagina outside of [her] clothes." He then lifted Z.M., placed her on top of him, and tried to pull down her sweatpants while rubbing her body. When appellant took her hand and placed it on his erect penis, she sat up and moved to the corner of the bed, but appellant pushed her back down, telling her to go back to sleep and not to say anything. When Z.M. pretended to go back to sleep, appellant left. In the morning, Z.M. told Anita what had happened, causing Anita's incision to open (Z.M. believed), which made Anita ill. Not wanting to cause her parents any more problems than they were experiencing due to their recent separation, Z.M. never told anyone else.

Detective Jose Martinez interviewed appellant on December 28, 2005. A videotape of the interview, conducted in Spanish, was shown to the jury, and a translated transcript was admitted into evidence. Appellant told Detective Martinez that he and Anita had been having problems in the relationship, beginning with the birth of V.L., and worsening when their second child was born. Appellant admitted he had been on the mattress with V.L. in the living

room the night of December 23, but claimed it was she who had lain next to him. Appellant claimed he rubbed her stomach and back as "a father's thing," because V.L. had complained of a stomach ache. He told Detective Martinez that V.L. turned to face him, with her mind in a "different state." Appellant agreed when Martinez suggested: "[Y]ou know that girls mature at an early age. They have the hormones, and curiosity comes around. She already had an experience of being curious." Appellant told Martinez he saw her both as a daughter and as a "young lady," which caused him to experience curiosity and temptation. He admitted that he had "watched her . . . a lot," and said, "I keep myself as far away as possible because I, I got scared. . . ."

Appellant admitted he touched V.L.'s anus with his erect penis during the December 23 incident. Later in the interview, appellant admitted he had penetrated her anus. He also admitted he had inserted his finger in her anus when she was 10 years old, but then modified his answer: "No, not in the anus. In her part, we said."

Appellant admitted he had touched V.L.'s breasts many times before that, but claimed it was by accident, although he admitted he had reached under her bra on one occasion, claiming he did it out of curiosity. Appellant also claimed that V.L. had touched his penis once. He explained that his daughter had kissed him "not like a girl, not like . . . like if she had seen a movie . . . [a] couple . . . . [S]he positioned herself on top, you know, like wanting to be, to be . . . [b]ut she was a girl . . . . Just say, that happened . . . four, five years ago. . . . I think she was six, between six and seven."

Appellant admitted he touched V.L.'s vagina three times, twice on the outside, and once by inserting his finger. Again, he said he touched her out of curiosity; however, he admitted he masturbated and ejaculated while inserting his finger. Appellant estimated that V.L. was eight years old when he inserted his finger, and 11 years old the other two times. Appellant also admitted having placed his penis in V.L.'s mouth once, when she was 10 years old.

Asked whether he remembered Z.M., appellant told Detective Martinez he did remember her—he experienced the same curiosity about her when she was 15 years old. His wife was not well at the time, and as Z.M. was a good friend of his wife, she came to stay at the house. Appellant admitted he went into the bedroom very late at night while she was sleeping, intending "to touch her and [have] a relationship." He explained he was not having a good relationship with his wife, and he became desperate for a relationship when there was no sex. He touched her "on top" and on her vagina. Asked whether she allowed him to touch her vagina, appellant replied, "Yes, . . . I think she was even sleeping. It was very late at night."

## DISCUSSION

### 1., 2.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 3. Cunningham *Error*

The trial court sentenced appellant to the high term of imprisonment. After quoting extensively from appellant's own admissions, the trial court cited several aggravating factors justifying the high term, viz., appellant carried on the abuse for years; the victim was particularly vulnerable; the manner in which the crime was carried out indicated premeditation and planning; appellant took advantage of a position of trust or confidence; appellant excused his conduct and blamed others; and the molestation was ongoing, dangerous and caused damage to the family and the victim that might never be rectified.

Appellant contends his sentence violates his federal constitutional right to due process and a jury trial, because in choosing to impose the upper term, the court relied on factors not found by a jury. (*Blakely v. Washington* (2004) 542 U.S. 296, 303 [159 L.Ed.2d 403, 124 S.Ct. 2531] (*Blakely*); *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 [147 L.Ed.2d 435, 120 S.Ct. 2348] (*Apprendi*).) "[T]he Federal Constitution's jury-trial guarantee pro-scribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. [Citations.]" (*Cunningham, supra,* 549 U.S. at p. \_\_\_ [127 S.Ct. at p. 860].)

At the time of appellant's conviction, California's determinate sentencing law (DSL) provided for a lower, middle and upper term, and required the imposition of the middle term, unless there were circumstances in aggravation or mitigation of the crime. (Pen. Code, § 1170, subd. (b).)[4] In *Cunningham,* the United States Supreme Court held that because the upper term may be imposed only when the sentencing judge finds an aggravating circumstance, the statutory maximum under the DSL was the middle term. (*Cunningham, supra,* 549 U.S. at p. \_\_\_ [127 S.Ct. at p. 868].) Thus, as the DSL per-mitted a trial court to impose the upper term based on facts found by

---

*See footnote, *ante,* page 28.

[4] The Legislature has since amended the statute in response to *Cunningham* to give the sentencing court discretion to choose any one of the three terms. (See, e.g., Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007.) All further references in this opinion to the DSL or to section 1170 are to Penal Code former section 1170, in effect at the time of appellant's conviction, unless otherwise indicated.

the court rather than by a jury beyond a reasonable doubt, or admitted by the defendant, it violated a defendant's Sixth and Fourteenth Amendment right to a jury trial. (549 U.S. at pp. ___, ___ [127 S.Ct. at pp. 860, 871].)

■ Aggravating factors admitted by the defendant need not be tried to a jury. (*Blakely, supra,* 542 U.S. at p. 303; *Apprendi, supra,* 530 U.S. at p. 488; *People v. Sandoval* (2007) 41 Cal.4th 825, 836 [62 Cal.Rptr.3d 588, 161 P.3d 1146].) The United States Constitution does not require a jury trial as to *all* aggravating factors cited by the sentencing court; it is sufficient that one factor has been admitted. (See *People v. Sandoval, supra,* at pp. 837–838.) Appellant admitted he carried on the abuse for years. He told Detective Martinez of sexually abusing V.L. when she was six, again when she was 10, and again when she was 11. We conclude that reliance upon that fact was not *Cunningham* error.

"[A]s long as a single aggravating circumstance that renders a defendant eligible for the upper term sentence has been established in accordance with the requirements of *Apprendi* and its progeny, any additional factfinding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to jury trial." (*People v. Black* (2007) 41 Cal.4th 799, 812 [62 Cal.Rptr.3d 569, 161 P.3d 1130], italics omitted.) Thus, as the trial court relied upon at least one proper factor, its reliance upon other factors was not error.[5]

As the trial court did not err, we need not address appellant's contentions regarding harmlessness. However, we note that we would find any Sixth Amendment error harmless. Appellant admitted all facts necessary to the trial court's determination of V.L.'s particular vulnerability and appellant's taking advantage of a position of trust or confidence, by admitting the abuse began when V.L. was between six and seven years old, that he was her father and that he was involved in her life as her father. Such circumstances prove both factors. (See *People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693–1695 [53 Cal.Rptr.2d 282], overruled on other grounds in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123 [65 Cal.Rptr.2d 1, 938 P.2d 986].) We conclude from such facts, "beyond a reasonable doubt, that the jury, applying the beyond-a-reasonable-doubt standard, unquestionably would have found true at least a single aggravating circumstance had it been submitted to the jury . . . ." (*People v. Sandoval, supra,* 41 Cal.4th at p. 839; see also *Washington v. Recuenco* (2006) 548 U.S. 212, 222 [165 L.Ed.2d 466, 126 S.Ct. 2546, 2553].)

---

[5] The court suggested that the first cited factor—multiple acts of abuse over several years—outweighed the single mitigating factor of appellant's lack of a prior record of convictions. In this regard, the court stated: "So when you say he has no prior record, no one ever reported it, but there was conduct from his own mouth that he was doing this for years."

### 4. *AIDS/HIV Test**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Epstein, P. J., and Willhite, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 30, 2008, S159447. George, C. J., did not participate therein.

---

*See footnote, *ante*, page 28.