**UNITED STATES of America,
Appellee,**

v.

**Kirk PERRY, Defendant–Appellant.**

No. 06–2397–cr.

United States Court of Appeals,
Second Circuit.

March 11, 2008.

Harry C. Batchelder Jr., New York, NY, for Appellant.

**132**

James G. McGovern, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief; Emily Berger, Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Kirk Perry appeals from a June 22, 2006 amended judgment of the United States District Court for the Eastern District of New York (Sifton, J.) resentencing him to a prison term of 168 months for possessing with the intent to distribute approximately eight kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Perry was originally sentenced to the identical sentence on November 6, 2000, and following Perry's appeal, this Court remanded the case to the district court on May 10, 2005 for possible resentencing in conformity with the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues.

Reviewing the district court's decision for unreasonableness, both as to "the sentence itself" and "the procedures employed in arriving at the sentence," *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006), we find no merit to Perry's claim that his sentence was procedurally unreasonable because the district court failed to

consider his failed cooperation and extraordinary rehabilitation in relation to "the nature and circumstances of the offense and the history and characteristics of the defendant," as required by 18 U.S.C. § 3553(a)(1). On the contrary, the court specifically noted that "the law that applies in the evaluation of cooperation and the evaluation of rehabilitative efforts" had changed since Perry's first sentencing, and that it was now permitted to consider post-conviction rehabilitative efforts and failed cooperation despite provisions of U.S.S.G. § 5K2.19 and in the absence of a § 5K1.1 letter from the government. With respect to post-conviction rehabilitation, the court noted that "the facts as set forth by both [defense] counsel and by the defendant himself, are not disputed by the government and will be considered in my determination of the appropriate sentence; in particular the rehabilitative efforts while in prison." Regarding Perry's failed cooperation, the district court observed that the facts surrounding those efforts had not changed since Perry's original sentence was rendered, but that those facts were nevertheless subject to its consideration. Thereafter, the court conducted a comprehensive review of all of the § 3553(a) factors, including how each was affected by any changes in law or fact since the original sentencing, and concluded that the original sentence was reasonable and appropriate.

Perry argues that the district court incorrectly assumed that it could consider the two § 3553(a)(1) factors *only* if it chose to impose a non-guidelines sentence and, in so doing, afforded the guidelines an "improper presumption of reasonableness." However, the way the district court commenced its sentencing analysis makes

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

clear that it did not act on this assumption. Rather, to Perry's benefit, the court stated categorically that it would not impose a sentence greater than that imposed at Perry's original sentencing, which was the lowest sentence in the Guidelines range. Thus, as the court observed correctly before considering reasons to impose an even a lower sentence, the "question is whether to impose a sentence that is either a departure from those guidelines or a non-guidelines sentence." It was in that context that the court stated that it did "not believe that [the Section 3553 factors] in this case trump the guidelines and that the advice of the guidelines as to the appropriate sentence provides a sentence which remains reasonable for this defendant."

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.