# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 19, 2012

No. 11-30698
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHNNY D. MATHIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CR-372-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Johnny D. Mathis pleaded guilty to criminal interference with a right to fair housing, a violation of 42 U.S.C. § 3631, and use of a firearm during a crime of violence, a violation of 18 U.S.C. § 924(c). He received a within-guidelines sentence of 60 months of imprisonment for his § 3631 conviction and a consecutive sentence of 120 months for the § 924(c) conviction. On appeal, Mathis argues that the district court committed a procedural error in its calculation of the applicable guidelines range for his § 3631 conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30698

The United States Sentencing Guideline applicable to a violation of § 3631 is U.S.S.G. § 2H1.1, which, in this case, specified that the base offense level is the greatest offense level from the Guidelines applicable to any underlying offenses. The district court adopted the presentence report's (PSR's) findings that the most analogous underlying offenses were aggravated assault and arson and that the Guideline for an arson offense produced the greatest offense level. Mathis argues on appeal that the district court erred in applying the arson Guideline because he has continually denied setting fire to the victims' residence, he did not plead guilty to a third count that alleged he had used fire to commit a felony in violation of 18 U.S.C. § 844, tests of the burned premises found no evidence of the use of ignitable liquids or accelerants, and it is just as plausible that the food the victims left cooking on the stove accidentally started the fire that destroyed their house.

Following *United States v. Booker,* 543 U.S. 220 (2005), we review sentences for reasonableness in light of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Mares,* 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States,* 552 U.S. 38, 51 (2007), we first determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct. We review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008).

Factual findings under the Guidelines "must be based on reliable information and a preponderance of the evidence." *United States v. Conner*, 537 F.3d 480, 491-92 (5th Cir. 2008). "Generally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it." *United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009)

(internal quotation marks and citation omitted). Rebuttal evidence presented by the defendant must show that the PSR's information is materially untrue, inaccurate or unreliable. *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998).

We conclude that the district court's finding, based on its adoption of the information in the PSR, that Mathis set fire to the victims' residence was based on reliable evidence and was established by a preponderance of the evidence, particularly statements from the victims regarding the actions of Mathis and reports from two separate arson investigations. Mathis has not presented sufficient rebuttal evidence to demonstrate that the PSR was materially untrue, inaccurate or unreliable. *See Parker,* 133 F.3d at 329. Therefore, the district court was entitled to adopt the PSR. *See Ollison*, 555 F.3d at 164. As Mathis has not shown that the district court clearly erred in finding that he set the fire, he has not shown that the district court procedurally erred by using the arson Guideline to determine his base offense level under § 2H1.1.

Therefore, his sentence is AFFIRMED.