# United States Court of Appeals for the Fifth Circuit

No. 22-10574
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lakeith Lynn Washington,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-184-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Jones, Haynes,* and Oldham, *Circuit Judges*.

Per Curiam:†

---

* Judge Haynes concurs in affirming the conviction but would remand the sentencing to be decided by the district court in the first instance.

† Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10574

This case involved a challenge to the defendant's conviction and sentence. We originally affirmed both. Washington sought certiorari from the United States Supreme Court. Following its decision in *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840 (2024), the Supreme Court remanded to us for consideration in light of that case. Because *Erlinger* addresses only the sentencing, we reinstate affirmance of the conviction.

Defects in an indictment, such as the failure to recite discrete factual elements, are non-jurisdictional. *United States v. Cotton*, 535 U.S. 625, 630–31, 122 S. Ct. 1781, 1785 (2002). Washington pled guilty. A voluntary and unconditional guilty plea waives non-jurisdictional defects. *United States v. Scruggs*, 714 F.3d 258, 261–62 (5th Cir. 2013). Accordingly, Washington by his guilty plea waived any defect in the indictment concerning his prior offenses, and any error therein is harmless.

The guilty plea also waived Washington's claim that the prior offenses had to be submitted to a jury as sentencing elements, because the "[f]ailure to submit a sentencing factor to the jury, like failure to submit an element to the jury, is not structural error" and does not require reversal. *Washington v. Recuenco*, 548 U.S. 212, 222, 126 S. Ct. 2546, 2553 (2006); *see also Neder v. United States*, 527 U.S. 1, 18, 119 S. Ct. 1827, 1838 (1999). Moreover, any such failure can be harmless error beyond a reasonable doubt. *Neder*, 527 U.S. at 18, 119 S. Ct. at 1838. Here, there is no question that any erroneous failure to submit Washington's prior burglaries to a jury was totally harmless. Any rational jury would have found that his burglaries were committed on different occasions.

Washington's conviction and sentence are AFFIRMED.