STATE OF NORTH CAROLINA v. LAVORIS MONTEIZ BATTLE

No. COA03-484-2

(Filed 6 March 2007)

**Sentencing— aggravating factor—*Blakely* error—joining with more than one other person in committing offense—prejudice**

Defendant is entitled to a new sentencing hearing in a robbery case since his sentence was enhanced beyond the prescribed presumptive range based upon the aggravating factor that defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy, and the factor was not submitted to the jury, because: (1) even though the jury convicted defendant of robbery with a firearm, it is impossible to know on which evidence they based their verdict; (2) it is impossible to know whether, based on the conflicting evidence at trial, the jury would have found beyond a reasonable doubt the aggravating factor; and (3) the evidence was not so overwhelming and uncontroverted as to constitute harmless error.

Upon remand from the North Carolina Supreme Court, appeal by defendant from judgment entered 27 September 2002 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 15 November 2004.

*Roy Cooper, Attorney General, by Sonya M. Calloway, Assistant Attorney General, for the State.*

*Staples S. Hughes, Appellate Defender, by Barbara S. Blackman, Assistant Appellate Defender, for the defendant.*

MARTIN, Chief Judge.

This case comes before us on remand from the North Carolina Supreme Court in order that we may reexamine the issue of sentencing in light of its recent decision in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006). The Court in *Blackwell* held that, according to *Washington v. Recuenco*, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006), the failure to submit a sentencing factor to the jury is subject to harmless error review. *Blackwell*, 361 N.C. at 44, 638 S.E.2d at 455. We now review only the issue of whether the error in defendant's sentencing,

as determined in our previous opinion, was harmless or whether defendant is entitled to a new sentencing hearing.

Defendant filed a Motion for Appropriate Relief requesting this Court to vacate his sentence and remand the case for resentencing pursuant to the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). In 2000, the U.S. Supreme Court held in *Apprendi v. New Jersey* that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435, 455 (2000). In *Blakely*, the Court further stated:

> [T]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.* In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely*, 542 U.S. at 303-04, 124 S. Ct. at 2537, 159 L. Ed. 2d at 413-14 (citations omitted) (emphasis in original). The holdings in *Apprendi* and *Blakely* apply to cases in which direct appellate review was pending and the conviction had not yet become final on the date *Blakely* was decided, 24 June 2004. *See Blackwell*, 361 N.C. at 44, 638 S.E.2d at 454-55. In the present case, defendant's sentence was enhanced beyond the prescribed presumptive range based upon the aggravating factor that "defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy." The factor was not submitted to the jury and proved beyond a reasonable doubt. Thus, the sentence constituted error under *Blakely*.

According to *Blackwell*, *Blakely* error is subject to the harmless error analysis set forth in *Neder v. United States*, 527 U.S. 1, 9, 119 S. Ct. 1827, 1834, 144 L. Ed. 2d 35, 47 (1999). *See Blackwell*, 361 N.C. at 49, 638 S.E.2d at 458. *Neder* requires this Court to "determine from the record whether the evidence against the defendant was so 'overwhelming' and 'uncontroverted' that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt." *Id.*

The evidence presented at trial with respect to defendant's participation in the robbery, as well as the number of other participants, was conflicting. One witness, Daniels, testified that defendant asked for his help in robbing the store; that he drove defendant and another man, Taft, to the store where he dropped defendant off; and that he drove defendant home after defendant had robbed the store. Taft testified that he did not ride in the car to the store, but instead saw defendant leave with Daniels and come back with a substantial amount of money. Two other witnesses and defendant himself testified that defendant was not involved in the robbery. Evidence was presented of security camera video footage of the robbery. Even though the jury convicted defendant of robbery with a firearm, it is impossible to know on which evidence they based their verdict. Further, it is impossible to know whether, based on the conflicting evidence at trial, the jury would have found beyond a reasonable doubt the aggravating factor that defendant joined with more than one other person (i.e., two or more other people) in committing the offense and was not charged with committing a conspiracy. Accordingly, the evidence was not so overwhelming and uncontroverted as to constitute harmless error. Defendant is entitled to a new sentencing hearing.

Except as herein modified, the opinion filed by this Court on 2 August 2005 remains in full force and effect.

Remanded for a new sentencing hearing.

Judges McCULLOUGH and STEELMAN concur.