STATE OF NORTH CAROLINA v. JASON CHRISTOPHER WALKER &
EMIL E. BROWNING, JR. & JAVIER A. HERNANDEZ, JR.

No. COA03-1426-2

(Filed 15 January 2008)

**Sentencing— aggravating factor—*Blakely* error—harmless beyond reasonable doubt standard**

The trial court erred in a robbery with a dangerous weapon case by sentencing defendant in the aggravated range without submitting the aggravating factor that defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy under N.C.G.S. § 15A-1340.16(d)(2) to the jury as required by *Blakely v. Washington*, 542 U.S. 296 (2004), and defendant is entitled to a new sentencing proceeding when the error was not harmless beyond a reasonable doubt, because: (1) although the evidence that defendant joined with more than one other person in committing the robbery was overwhelming, it was not uncontroverted; (2) defendant's testimony constituted conflicting evidence sufficient to prevent the Court of Appeals from finding that a rational fact finder would have found this factor beyond a reasonable doubt; and (3) although the jury convicted defendant of robbery with a dangerous weapon, it was impossible to know upon which evidence the jury based its verdict.

On remand to the Court of Appeals from an order of the Supreme Court of North Carolina vacating in part and remanding in part the decision of the Court of Appeals in *State v. Walker*, 167 N.C. App. 110, 605 S.E.2d 647 (2004), for reconsideration in light of the decision in *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), *cert. denied*, 127 S. Ct. 2281, 167 L. Ed. 2d 1114 (2007). *See State v. Walker*, 361 N.C. 160, 2006 N.C. Lexis 1428 (2006). Appeal by defendant from judgment entered 15 November 2002 by Judge Thomas D. Haigwood in Beaufort County Superior Court. Originally heard in the Court of Appeals 9 June 2004.

*Roy Cooper, Attorney General, by Philip A. Lehman, Assistant Attorney General, for the State. (Jason Christopher Walker)*

*Roy Cooper, Attorney General, by Kristine L. Lanning, Assistant Attorney General, for the State. (Emil E. Browning, Jr.)*

*Roy Cooper, Attorney General, by Barbara A. Shaw, Assistant Attorney General, for the State. (Javier A. Hernandez, Jr.)*

*Staples Hughes, Appellate Defender, by Kelly D. Miller, Assistant Appellate Defender, for defendant-appellant Walker.*

*Brian Michael Aus for defendant-appellant Browning.*

*Geoffrey W. Hosford for defendant-appellant Hernandez.*

STEELMAN, Judge.

The trial court erroneously sentenced defendant Browning in the aggravated range without submitting the aggravating factor to the jury as required by *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004). Under *State v. Blackwell*, 361 N.C. 41, 638 S.E.2d 452 (2006), this error cannot be deemed harmless because we cannot determine from the record that a rational juror would have found the disputed aggravating factor "beyond a reasonable doubt."

This appeal originated from charges of robbery with a dangerous weapon and assault with a deadly weapon inflicting serious injury against three co-defendants. The cases were joined for trial pursuant to N.C. Gen. Stat. § 15A-926. The underlying facts are found in our previous decision in *State v. Walker*, 167 N.C. App. 110, 605 S.E.2d 647 (2004). Following the Supreme Court's decision in *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005), *withdrawn*, 360 N.C. 569, 635 S.E.2d 899 (2006), this Court allowed defendant Browning's motion for appropriate relief, vacated the aggravated sentence imposed by the trial court, and remanded the case for resentencing. This opinion was vacated by our Supreme Court and remanded to this Court for reconsideration in light of *Blackwell*, 361 N.C. 41, 638 S.E.2d 452. The instant appeal deals only with the sentencing of defendant Browning.

In sentencing defendant Browning, Judge Haigwood found as a statutory aggravating factor that Browning "joined with more than one other person in committing the offense and was not charged with committing a conspiracy." N.C. Gen. Stat. § 15A-1340.16(d)(2) (2001). The trial court further found that this aggravating factor outweighed the mitigating factor found and imposed a sentence from the aggravated range of 80-105 months imprisonment for the charge of robbery with a dangerous weapon. The aggravating factor was not submitted to a jury as required by *Blakely*.

Under the rationale of the Supreme Court's decision in *Blackwell,* we must determine:

> whether the trial court's failure to submit the challenged aggravating factor to the jury in the present case was harmless beyond a reasonable doubt. In conducting harmless error review, we must determine from the record whether the evidence against the defendant was so "overwhelming" and "uncontroverted" that any rational fact-finder would have found the disputed aggravating factor beyond a reasonable doubt.

*Blackwell,* 361 N.C. at 49-50, 638 S.E.2d at 458 (citing *Neder v. United States,* 527 U.S. 1, 9, 144 L. Ed. 2d 35, 47 (1999)).

In his first argument, defendant Browning contends that the failure of the trial court to submit the aggravating factor to the jury was not harmless beyond a reasonable doubt. We agree.

Browning, Walker, and Aguillon together went to Desperado's in the early morning hours of 7 April 2002. Each man wore a mask and carried a weapon; Browning carried a hammer handle, Aguillon a miniature baseball bat, and Walker a pool stick. The owner was severely beaten during the robbery. Following the assault and robbery, Aguillon, Browning, Hernandez, and Walker each received a portion of the money stolen from Desperado's.

Defendant Browning gave a statement to Investigator Wayne Melton, stating that he had discussed the robbery of Desperado's with Aguillon about a week before the robbery. A third person (Walker) was recruited to assist in the robbery.

At trial, defendant Browning testified that his prior statement contained inaccuracies. He testified to talking with Walker and Aguillon about going to Desperado's to confront a man named Pablo regarding threats made against him. Aguillon handled arrangements with Hernandez and other bouncers. Browning testified that he and Walker did not plan a robbery, and to his knowledge, neither he nor Walker knew about the stolen money until after the robbery had taken place.

The jury was instructed to find defendant Browning guilty of robbery with a dangerous weapon only if it found "from the evidence and beyond a reasonable doubt that[,] on or about the alleged date[,] the defendant acting by himself or acting together with Jason Christopher Walker *and/or* Justo Aguillon" committed each element

of the crime. These instructions did not require the jury to determine whether defendant Browning acted with more than one person in committing the robbery.

We hold that the evidence that defendant Browning joined with more than one other person in committing the robbery was overwhelming but not uncontroverted. Defendant Browning's testimony constitutes conflicting evidence sufficient to prevent this Court from finding that a rational fact finder would have found beyond a reasonable doubt that defendant Browning joined with more than one other person in committing the offense. *See Blackwell,* 361 N.C. at 50, 638 S.E.2d at 458. Although the jury convicted defendant Browning of robbery with a dangerous weapon, it is impossible to know upon which evidence the jury based its verdict. *State v. Battle,* 182 N.C. App. 169, 170-71, 641 S.E.2d 352, 354 (2007). There is no dispute that defendant Browning was not charged with conspiracy. Defendant is entitled to a new sentencing hearing.

Because of our holding above, it is unnecessary to address defendant Browning's second argument.

REVERSED and REMANDED FOR A NEW SENTENCING HEARING.

Judges TYSON and BRYANT concur.