**Michael Todd DUNN, Petitioner— Appellant,**

v.

**Jean HILL, Superintendent, Respondent—Appellee.**

No. 08–35443.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 8, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

84

Nell Brown, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Summer Gleason, Oregon Department of Justice, Salem, OR, for Respondent–Appellee.

Before: GOODWIN, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

Michael Todd Dunn, an Oregon state prisoner, appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

Dunn contends that the sentencing court violated his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), by departing upward from the presumptive sentence under the state Sentencing Guidelines based upon findings made by the sentencing judge rather than by a jury. This contention fails. *Blakely* does not apply to Dunn because his sentence was final before *Blakely* was decided. *See Schardt v.*

*Payne,* 414 F.3d 1025, 1033–36 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively on collateral review). We conclude that the state court's rejection of Dunn's *Apprendi* claim was not contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1).

Dunn also contends that his counsel rendered ineffective assistance by failing to object to the sentence on *Apprendi* grounds, and by failing to preserve the issue for direct review. However, even if Dunn counsel's performance was objectively unreasonable under the circumstances, Dunn has not shown that there is a reasonable probability that his sentence would have been different if counsel had preserved the error. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Washington v. Recuenco,* 548 U.S. 212, 222, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006) (holding that *Blakely* error is subject to harmless error review). We therefore conclude that the state court's rejection of Dunn's ineffective assistance of counsel claim was not contrary to, nor an unreasonable application of, clearly established federal law. *See id.,* 466 U.S. at 694, 104 S.Ct. 2052.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.