**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RAMESES,<br><br>                Petitioner - Appellant,<br><br>  v.<br><br>SCOTT KERNAN, Warden; GARY LACEY, District Attorney for El Dorado County; PAUL SUTHERLAND, Deputy District Attorney for El Dorado County; COUNTY OF EL DORADO SUPERIOR COURT,<br><br>                Respondents - Appellees. | No. 08-16584<br><br>D.C. No. 2:04-cv-01173-GEB-GGH<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, District Judge, Presiding

Submitted February 9, 2010 [**]
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

A California state court jury convicted Robert Rameses on one count of uttering bad checks under California Penal Code § 476a, and additionally found that he had four prior convictions qualifying as "strikes" under California's Three Strikes law, California Penal Code § 667. Accordingly, the trial court sentenced him to a term of imprisonment of 25 years to life. The California Court of Appeal affirmed his conviction and sentence on direct appeal, and the Supreme Court of California denied review.

Rameses then petitioned the U.S. District Court for the Eastern District of California for a writ of habeas corpus, alleging three claims for relief. The district court denied his petition, and issued a certificate of appealability covering all three claims. *See* 28 U.S.C. § 2253(a), (c). Rameses timely appealed. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Rameses first contends that the trial court erred by failing to hold a hearing before requiring him to wear a stun belt and that he suffered prejudice as a result of this error. Although we agree that the trial court erred by failing to hold a hearing, *see Gonzalez v. Pliler*, 341 F.3d 897, 901 (9th Cir. 2003), Rameses has failed to demonstrate that this error caused him prejudice. He first contends that the sight of him wearing a stun belt colored the jury's opinion of him. However, Rameses fails

2

to challenge the district court's conclusion that he failed to exhaust this claim, and he has therefore waived any challenge to this conclusion. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001). Second, Rameses contends that his fear of the stun belt rendered him unable to communicate freely with his counsel. The record refutes this contention, however; Rameses was outspoken throughout the trial, but never mentioned his fear of the stun belt. As Rameses has not demonstrated prejudice as a result of the trial court's error, he is not entitled to a writ of habeas corpus on this claim. *See Gonzalez*, 341 F.3d at 903.

## II

Rameses next claims that the state court improperly permitted the California prosecutor to use Rameses's prior immunized testimony from a Florida murder trial. Rameses acknowledges that the prosecutor did not use this testimony as evidence at his California trial, but rather used it when determining whether to prosecute Rameses under the Three Strikes law. Nevertheless, Rameses contends that this non-evidentiary use of his testimony violated his Fifth Amendment rights.

The only Supreme Court case Rameses cites in support of this claim is *Kastigar v. United States*, 406 U.S. 441 (1972), which held that prosecutors may not use a defendant's prior immunized testimony as *evidence* in a subsequent criminal prosecution. No Supreme Court decision extends this rule to a *non-*

3

*evidentiary* use of immunized testimony such as the charging decision at issue here. Thus, we conclude that the district court properly rejected this claim. *See* 28 U.S.C. § 2254(d).

## III

Finally, Rameses claims that his sentence is unconstitutional. For his Florida murder convictions to qualify as "strikes" under California law, prosecutors must have demonstrated that Rameses used a firearm or "deadly weapon" in each. Cal. Penal Code § 667(d); *id.* § 1192.7(c)(8), (c)(23). Because the California trial *judge*, rather than jury, made the finding that Rameses's prior crimes involved a deadly weapon, Rameses argues that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The district court concluded that the trial court committed an *Apprendi* error, a conclusion the respondent does not contest. This concession does not entitle Rameses to a writ of habeas corpus, however, because the trial court's error was harmless beyond a reasonable doubt. *See Washington v. Recuenco*, 548 U.S. 212, 221-22 (2006). The indictments and plea agreements from Rameses's Florida convictions, as summarized by the California Court of Appeal, demonstrate that he committed each murder with a gun, knife, or sword—each of which constitutes a deadly weapon under California law. Had counsel presented the jury with these

4

documents, it undoubtably would have concluded that Rameses committed each of his prior murders with a firearm or deadly weapon. Thus, the *Apprendi* error was harmless beyond a reasonable doubt.

IV

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**