**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4576**
_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GARY LEE BEATTY,

        Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:01-cr-00086-F-1)

_____

Submitted: June 23, 2010        Decided: July 6, 2010

_____

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lee Beatty appeals the length of the 24-month sentence of imprisonment imposed upon him following revocation of his term of supervised release. We affirm.

We review sentences imposed after the revocation of supervised release under the deferential "plainly unreasonable" standard "with regard to those § 3553(a) factors applicable to supervised release revocation sentences." United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). In applying the standard, we first decide whether the sentence was procedurally and substantively reasonable, "with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39. A sentence is procedurally reasonable if the district court considered the U.S. Sentencing Guidelines Manual Chapter 7 policy statements[1] and the pertinent factors in 18 U.S.C. § 3553(a). Id. at 440. A revocation sentence is substantively reasonable if the district court stated a proper basis for the sentence imposed, up to the statutory maximum. In addition, "a court's statement

---

[1] Chapter 7 of the U.S. Sentencing Guidelines Manual addresses violations of supervised release and probation. Rather than promulgate guidelines to govern sentences for these violations, the United States Sentencing Commission chose instead to issue "policy statements only" to give courts "greater flexibility" in handling revocation sentences. Ch. 7, Pt. A, introductory cmts. 1, 3(a).

2

of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from guidelines that were, before [United States v. ]Booker, [543 U.S. 220 (2005),] considered to be mandatory." Id. at 439 (internal quotation marks omitted).

If a sentence is not unreasonable under this standard, "the sentence should be affirmed." Id. If, however, the sentence is either substantively or procedurally unreasonable, "we must then decide whether the sentence is plainly unreasonable, relying on the definition of 'plain' that we use in our 'plain error' analysis," that is, "clear, or . . . "obvious." Id. (internal quotation marks omitted).

In this case, the district court revoked Beatty's supervised release after finding that Beatty committed at least five supervised release violations, including testing positive for cocaine and absconding from supervision by failing to provide his probation officer with an updated address and phone number. The district court found that Beatty had committed a Grade C violation[2] and had a criminal history category of VI; together, these factors yielded an advisory range under the

---

[2] Supervised release violations are graded as A, B, or C violations. Grade C violations are the least serious. U.S. Sentencing Guidelines Manual, § 7B1.1, p.s.

3

Chapter 7 policy statements of 8 to 14 months' imprisonment. The district court stated that it had considered the Chapter 7 policy statements, and sentenced Beatty to 24 months' imprisonment. The district court stated that an upward departure was warranted so that Beatty could receive intensive substance abuse treatment. The district court also found that Beatty's continued illegal drug use posed a threat to society and that Beatty showed a complete disregard for supervised release by absconding.

We cannot say that Beatty's sentence is unreasonable. It is undisputed that Beatty's sentence falls within the applicable statutory maximum. The district court correctly calculated Beatty's Guidelines policy statement range of 8 to 14 months imprisonment and stated that it considered the Chapter 7 policy statements.

Moreover, the district court provided a proper basis for its upward departure, namely Beatty's need for intensive substance abuse treatment and his absconding from supervised release.[3] See Crudup, 461 F.3d at 440 (upholding 36 month sentence as substantively reasonable in part because of

_____

[3] We reject as meritless Beatty's argument that the sentence is substantively unreasonable because Beatty may not be eligible for a specific Bureau of Prisons drug treatment program and because the court did not adequately consider community-based drug treatment.

"Crudup's need for substance abuse treatment"); <u>U.S. Sentencing Guidelines Manual</u> Ch. 7, Pt. A, introductory cmt. 3(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust"). Although the district court's statement of reasons was abbreviated, we explained in <u>Crudup</u> that a district court need not provide as detailed a statement of reasons in support of a sentence revoking supervised release.

Accordingly, we affirm the district court's judgment revoking Beatty's supervised release and imposing a twenty-four month prison term. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>