NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 20-514

STATE OF LOUISIANA

VERSUS

WINSTON C. DOSSMAN, JR.

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2018-CR-209383-B
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, D. Kent Savoie, and J. Larry Vidrine, Judges.

**AFFIRMED, WITH INSTRUCTIONS.**

---

* Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Charles A. Riddle, III**
**Andrea D. Aymond**
**District Attorney, 12th Judicial District Court**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Chad M. Ikerd**
**Louisiana Appellate Project**
**P.O.Box 2125**
**Lafayette, LA 70502**
**(225) 806-2930**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Winston C. Dossman, Jr.**

**EZELL, Judge.**

Defendant, Winston Dossman, Jr., was charged by bill of indictment with molestation of a juvenile (R.J.), a violation of La.R.S. 14:81.2. The bill alleged that the acts occurred from 2016 to 2017 and were committed with the intention of arousing or gratifying Defendant's sexual desires, where there was an age difference of greater than two years between the Defendant and the victim, and by use of control and supervision. Defendant was convicted after a bench trial of the charged offense. The court sentenced Defendant to twenty-five years in the Louisiana Department of Corrections without benefit of probation, parole, or suspension of sentence. Defendant filed a Motion to Correct Illegal Sentence and/or Motion to Reconsider Sentence, and the motion was denied. Defendant is before this court appealing his sentence.

## FACTS

When she was ten years old, the victim, R.J., was touched inappropriately by Defendant, a family friend.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are three possible errors patent raised and discussion follows as assigned errors.

## ASSIGNMENT OF ERROR NUMBER ONE

Defendant contends the trial court erred in sentencing him under La.R.S. 14:81.2(D)(1) because the indictment provided notice only under subsection (B)(2) (sentencing range of five to twenty years at hard labor), and the additional element of the victim being under the age of thirteen (sentencing range of twenty-five to ninety-nine years at hard labor) was not alleged in the indictment.

Subsection (D)(1) provides for a more stringent penalty when the victim is under the age of thirteen. Defendant concedes the evidence was sufficient to convict him "as charged," but he contends the additional age requirement required for sentencing under subsection (D)(1) was neither alleged nor proven. Accordingly, Defendant contends his sentence is illegal, and the trial court erred in denying his motion to correct illegal sentence.[1]

The State alleges that the claim is not properly before this court because Defendant failed to raise it below via motion to quash or application for a bill of particulars. Further, the State contends that Defendant was given sufficient notice by the naming of the victim in the charging instrument, a person whose name and age were known to Defendant as proven by the evidence presented at trial.

Louisiana Revised Statutes 14:81.2 provides in pertinent part:

A. (1) Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.

(2) Molestation of a person with a physical or mental disability is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the victim or in the presence of any victim with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the victim, when any of the following conditions exist:

(a) The victim has paraplegia, quadriplegia, or is otherwise physically incapable of preventing the act due to a physical disability.

---

[1]Defendant clearly indicates in his brief that this is a matter of correcting an illegal sentence, not a deficient indictment issue.

(b) The victim is incapable, through unsoundness of mind, of understanding the nature of the act, and the offender knew or should have known of the victim's incapacity.

(c) The victim is sixty-five years of age or older.

. . . .

(2) Whoever commits the crime of molestation of a juvenile, when the victim is thirteen years of age or older but has not yet attained the age of seventeen, and when the offender has control or supervision over the juvenile, shall be fined not more than ten thousand dollars, or imprisoned, with or without hard labor, for not less than five nor more than twenty years, or both. The defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with Code of Criminal Procedure Article 893.

. . . .

D. (1) Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.

The bill of indictment charged Defendant with violating La.R.S. 14:81.2 by "intentionally commit[ting] a lewd and lascivious act upon 'R.J.' without consent with the intention of arousing or gratifying his sexual desires where there was an age difference of greater than two years difference by use of control and supervision."

In finding Defendant guilty, the judge stated:

[t]herefore Mr. Dossman who is accused of intentionally committing a lewd and lascivious act on RJ without consent with the intention of arousing or gratifying his sexual desires where there's an age difference of greater than two years, difference by use of control and supervision was proven beyond a reasonable doubt by competent evidence. And Mr. Dossman is therefore found guilty as charged.

At sentencing, the judge stated that the evidence presented at trial revealed that Defendant was approximately fifty-three years old at the time of the

3

commission of the offense, and the victim was between the ages of nine and eleven. This meant the age difference was clearly greater than two years, and Defendant was over the age of seventeen with the victim being under the age of seventeen. The judge then noted that, because the evidence confirmed the victim was under the age of thirteen at the time of the offense, subsection (D)(1), which carried a term of imprisonment for not less than twenty-five nor more than ninety-nine years, was applicable. The judge further noted that at least twenty-five years of the sentence had to be imposed without the benefit of parole, probation, or suspension of sentence. Upon objection by defense counsel for sentencing under the more stringent penalty range when it was not charged in the indictment, the court noted that the State charged a violation of La.R.S. 14:81.2 in its entirety, and no motion to quash or motion for bill of particulars had been filed. Accordingly, it found sentencing under subsection (D)(1) was permissible.

Defendant subsequently filed a Motion to Correct Illegal Sentence alleging his sentence is illegal as it does not comport to the charge reflected in the indictment. The judge denied the motion noting that the sentence he imposed was based on the facts presented at trial.

A similar issue was addressed by this court in *State v. Ardoin*, 10-1018, pp. 27-33 (La.App. 3 Cir. 3/9/11), 58 So.3d 1025, 1041-45, *writ denied*, 11-653 (La. 10/14/11), 74 So.3d 218 (first and third alterations in original):

> In his last assignment of error, the Defendant argues that the trial court erred in sentencing him to ten years at hard labor for indecent behavior with a juvenile based upon findings of fact not reflected in the jury's verdict. The Defendant maintains that it was error to sentence him under the enhanced penalty provision of La.R.S. 14:81(H)(2) when the jury did not make a determination as to the additional element necessary to impose the enhanced penalty.

4

At the time of the offense, La.R.S. 14:81(H) read:

> H. (1) Whoever commits the crime of indecent behavior with juveniles shall be fined not more than five thousand dollars, or imprisoned with or without hard labor for not more than seven years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.

> (2) Whoever commits the crime of indecent behavior with juveniles on a victim under the age of thirteen when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than two nor more than twenty-five years. At least two years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.

On appeal, the Defendant contends that the trial court erred in sentencing him under the enhanced sentencing provision in La.R.S. 14:81(H)(2) because the jury did not make a determination as to the Victim's age, an additional element necessary for imposition of the enhanced penalty. The Defendant refers, first, to the bill of indictment wherein he was charged in count one with committing indecent behavior with a juvenile "by committing a lewd and lascivious act upon a juvenile or in the presence of, one V.T.I., under the age of 17 by the defendant, with the intent of arousing or gratifying the sexual desires of either person, the defendant being over the age of 17 years."

Next, the Defendant refers to the jury charge regarding the elements of the offense. The jury was instructed that to find the Defendant guilty as charged, it had to find that "the victim was under the age of 17 and more than two years younger than the defendant at the time of the alleged offense." As such, the jury was not required to find that the victim was under the age of thirteen as required by La.R.S. 14:81(H)(2).

Lastly, the Defendant refers to the jury's verdict sheet, complaining that it did not list a separate finding by the jury that the Victim was under the age of thirteen. The only finding made by the jury was "Guilty of Indecent Behavior with a Juvenile."

In support of his argument, the Defendant refers, first, to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the defendant pled guilty to an offense which carried a sentencing range of five to ten years. The trial court, however, imposed a twelve-year sentence pursuant to a hate crime

statute that allowed a sentence to be enhanced upon the trial judge's finding by a preponderance of the evidence that the crime was motivated by racial bias. In reversing the ruling, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. at 2362–63.

The Defendant also cites *Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), wherein the Supreme Court followed its ruling in *Apprendi.* The defendant was sentenced to death for his capital felony-murder conviction. At the time of the offense, Arizona law allowed the trial judge alone to determine the presence or absence of the aggravating factors required for imposition of the death penalty. The Court, citing language from *Apprendi,* stated,

> The dispositive question, we said, "is one not of form, but of effect." *Id.,* at 494, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. If a State makes an increase in a defendant's authorized punishment contingent on a finding of fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt. See *id.,* at 482–483, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435.

*Id.* at 602, 122 S.Ct. at 2439. In reversing the lower court ruling, the Court concluded that the Sixth Amendment required the enumerated aggravating factors be found by a jury, because they operated as the functional equivalent of an element of a greater offense.

Lastly, the Defendant refers to *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), wherein the Supreme Court clarified its previous holdings in *Ring* and *Apprendi.* The defendant in Blakely pled guilty to kidnapping and was sentenced to ninety months. However, the facts to which he admitted in his guilty plea supported a maximum sentence of fifty-three months. Pursuant to state law, after making a judicial determination that the defendant acted with deliberate cruelty, the trial court imposed an enhanced sentence of ninety months. In reversing the lower court, the Supreme Court considered the holdings in *Apprendi* and *Ring,* recognizing that the facts supporting the sentence enhancement were neither admitted by the defendant nor found by a jury. The Court ultimately concluded that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id.* at 303–04, 124 S.Ct. at 2537.

Relying on the rulings in *Blakely, Ring*, and *Apprendi,* the Defendant asserts that the State was required to set forth the Victim's

age in the bill of indictment, and the jury was required to find that the child was under thirteen at the time of the offense. Although the Victim's age was not admitted to at trial, the Defendant contends that the pivotal issue is whether the jury made a finding beyond a reasonable doubt as to the Victim's age.

Both the Defendant and the State refer to a Louisiana case, *State v. Gibson,* 09-486 (La.App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied,* 10–802 (La.11/5/10), 50 So.3d 814, [w]herein a similar issue was raised. The defendant, convicted of sexual battery, argued that the trial court erred in sentencing him in accordance with the penalty provision of La.R.S. 14:43.1(C)(2), an enhanced penalty imposed when the offense involves a victim under thirteen years old and the offender is seventeen years or older. The defendant reasoned that neither the jury's verdict nor the jury instructions referenced the additional age requirements of La.R.S. 14.43.1(C)(2). The defendant was initially charged with aggravated rape but was found guilty of the responsive verdict of sexual battery. The jury, however, did not indicate on the verdict form that the defendant was older than seventeen years of age or that the victim was under the age of thirteen.

In *Gibson,* the court considered the Supreme Court's rulings in *Apprendi, Ring*, and *Blakely* and concluded that the trial court had committed an *Apprendi* violation. The court added that the State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14.43.1(C)(2) was applicable to the defendant and that the trial court should have included a jury instruction reflecting that the defendant's and the victim's ages were elements of same.

The *Gibson* court, however, did not end its analysis at that point but referred to *Neder v. United States,* 527 U.S. 1, 19, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999), wherein the Supreme Court held that a "[jury] instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." The court in *Neder* then proceeded with a harmless error analysis and concluded, "In a case such as this one, where a defendant did not, and apparently could not, bring forth facts contesting the omitted element, answering the question whether the jury verdict would have been the same absent the error does not fundamentally undermine the purposes of the jury trial guarantee." *Id.* at 19; 119 S.Ct. at 1838.

The *Gibson* court also cited *Washington v. Recuenco,* 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006), wherein the trial court imposed an enhanced sentence for a firearm based solely on the jury's finding that the defendant was armed with a deadly weapon. The Supreme Court ultimately held that the trial court's failure to submit a

sentencing factor to the jury was not a structural error requiring a reversal of the conviction but was subject to a harmless error analysis.

Applying a harmless error analysis, the court in *Gibson* noted that the victim's date of birth was found in the bill information, the victim told the examining physician the year she was born, and the victim's mother's testimony indicated the year the victim was born. Accordingly, the court found that the jury could have concluded that the victim would have been approximately seven years old when the abuse began and nine years old when it ceased. With regard to the defendant's age, based on the testimony of the victim's mother, the defendant would have been approximately twenty-four years old when the abuse began and twenty-six years old when it ended. The court also ruled that jury observation could be used to infer a defendant's age when no direct evidence was presented. The court concluded that the *Apprendi* violation was harmless.

In the instant case, the alleged error is clearly an *Apprendi* violation. The State should have explicitly noted in the bill of information that the enhanced sentence provision in La.R.S. 14:81(H)(2) was applicable to the Defendant, and the trial court should have included a jury instruction reflecting the Defendant's and the Victim's ages as elements of offense. We find that a harmless error analysis is appropriate in this case to determine whether the trial court's error in failing to instruct the jury as to the enhanced penalty provision of La.R.S. 14.81(H)(2) was harmless.

With regard to the bill of indictment, the Victim's age, nine years old, is not set forth in count one but is found in count three and was read aloud by the minute clerk on the first day of trial. Additionally, in discussing the sexual acts resulting in the charge of indecent behavior with a juvenile during opening statements, the prosecutor repeatedly stated that the Victim was nine years old at the time of the offense. On direct examination, the Victim testified that she was born on January 26, 1998, and turned nine years old on January 26, 2007. She also indicated on redirect examination that she was nine years old at the time of the offenses and had just turned ten when she gained the courage to report the offenses. The bill of indictment reflects that all the offenses for which the Defendant was charged, including indecent behavior with a juvenile, occurred on or about March 1, 2007, through November 30, 2007, when the Victim was nine years old. Lastly, the Victim's medical records introduced at trial included her date of birth.

With regard to the Defendant's age, his date of birth, January 29, 1964, is found in the bill of indictment and was reiterated by the Defendant at the beginning of all three recorded statements. The Defendant's date of birth also appears on the *Miranda* waiver dated February 3, 2008, and his age appears on the *Miranda* waiver dated

February 8, 2008, both of which were introduced at trial. Lastly, Detective Ortis testified at trial that the Defendant was forty-four years old at the time he signed the *Miranda* waiver dated February 8, 2008, and that he informed the Defendant that they wanted to speak to him about the rape of a "ten year old."

Considering the evidence viewed in the light most favorable to the prosecution, we find the evidence was sufficient for a rational trier of fact to conclude the State proved beyond a reasonable doubt that the Defendant was seventeen or older and that the Victim was under the age of thirteen. Further, the Defendant did not refute at trial any of the evidence regarding his age or the Victim's age, nor does he challenge evidence of same on appeal. Although the trial court clearly committed an *Apprendi* violation, we find the error was harmless. Accordingly, this assignment of error has no merit.

In the present case, as in *Ardoin*, the State should have explicitly noted the enhanced sentence provision of La.R.S. 14.81.2(D)(1) in the indictment, and the trial court should have made its finding that the victim was under the age of thirteen when it rendered its verdict rather than at sentencing; however, we find any error is harmless.

At a pretrial hearing on the State's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs, or Acts, there was testimony indicating the victim was eleven at the time the complaint was made. Several times during the prosecutor's opening statement at trial, she mentioned the victim's age (ten years old at the time of the offense and twelve years old at the time of trial). At trial, the victim testified that she was ten years old at the time of the offense, and her birth certificate reflecting her birthdate of May 31, 2007, was introduced in evidence as S-4. The officer involved in the investigation of the offense testified that a complaint was lodged on June 20, 2018, at which time the victim was twelve years old. We find the evidence presented was sufficient for the judge to conclude the State proved beyond a reasonable doubt that the victim was under thirteen years of age at the

9

time of the commission of the offense. Accordingly, we find any error is harmless, and this assignment of error has no merit.

## ASSIGNMENT OF ERROR NUMBER TWO

Defendant contends that the trial court *may* have erred if its comment, "sentence imposed is not enhanced, it is a sentence under the law that must be served in it's [sic] entirety" was a denial of good time as opposed to simply being an advisement of the law. If this court perceives the trial court's statement as a denial of good time credit, Defendant requests this court amend the sentence and delete this provision.

In imposing sentence, the judge stated:

> Accordingly, and based on Mr. Dossman's . . . all that was said before, Mr. Dossman is sentenced to serve twenty-five (25) years, the minimum, in Louisiana Department of Corrections with credit for time served since the date of offense, without benefit of probation, parole, or suspension of sentence. . . . The sentence imposed is not enhanced, it is a sentence under the law that must be served in it's [sic] entirety.

Louisiana Code of Criminal Procedure Article 894.1(D) requires the sentencing court, immediately after imposing sentence, to advise the offender whether the sentence was enhanced pursuant to La.R.S. 15:529.1, La.Code Crim.P. art. 893.3, or any other relevant provision of law. Prior to its amendment in 2010, Article 894.1(D) also required the judge to advise the defendant whether his sentence was subject to diminution for good behavior pursuant to the provisions of La.R.S. 15:571.3. We do not interpret the judge's comment as being a denial of eligibility for diminution of sentence. It is clear that the judge was simply referring to Defendant's ineligibility for parole. At most, it is an advisement requiring no action. This assignment of error has no merit.

10

## ASSIGNMENT OF ERROR NUMBER THREE

Finally, appellate counsel correctly contends the trial court improperly advised Defendant that he had two years to file an application for post-conviction relief instead of advising him he has two years "after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922" as provided in La.Code Crim.P. art. 930.8. Accordingly, we find the trial court should be directed to correctly inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of the opinion and to file written proof in the record that Defendant received the notice. *State v. Hutchinson*, 18-445 (La.App. 3 Cir. 12/12/18), 261 So.3d 927, *writ denied*, 19-108 (La. 5/28/19), 273 So.3d 313, *cert. denied*, __ U.S. __, 140 S.Ct. 648 (2019).

## CONCLUSION

Defendant's sentence is affirmed. The trial court is directed to correctly inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED, WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

11