# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59558-3-II |
| Appellant/Cross-Respondent, | |
| v. | |
| VIEN QUANG LAM, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

LEE, J. — The State appeals Lam's sentence, arguing the superior court erred by excluding Lam's juvenile adjudications in his offender score.  We reverse the superior court's offender score calculation and remand for resentencing.[1]

## FACTS

In September 2023, Lam pleaded guilty to first degree unlawful possession of a firearm. At sentencing, Lam argued that the superior court should apply legislative amendments to the sentencing statutes that eliminated most juvenile adjudications from being included in an offender score because the legislative amendments had gone into effect prior to his sentencing in July 2023. Lam argued that the triggering event for an offender score calculation is sentencing and, therefore, the superior court should apply the law in effect on the date of sentencing.  The State argued that

---

[1] Lam cross-appeals, arguing that the warrant of commitment contains a scrivener's error. Because we remand for resentencing, any scrivener's error in the warrant of commitment can be corrected at resentencing.  Accordingly, we do not address Lam's cross-appeal further.

the superior court was required to apply the law in effect when Lam committed his crimes and, therefore, Lam's juvenile adjudications should be counted in his offender score.

The superior court agreed with Lam, applied the legislative amendments, and did not include Lam's juvenile adjudications in his offender score. The superior court imposed a standard range sentence. The State appeals.

ANALYSIS

The State argues that the superior court was required to apply the law in effect at the time Lam committed his offense. Lam argues that the superior court properly applied the law in effect on the date of his sentencing. We agree with the State.

We review questions of statutory interpretation and law de novo. *State v. Jenks*, 197 Wn.2d 708, 713, 487 P.3d 482 (2021). We construe statutes based on their plain language. *Id*. at 714. If the plain language of the statute is unambiguous, our analysis ends, and we apply the plain language of the statute. *Id*. The plain language of a statute is ambiguous if it is susceptible to two or more interpretations. *Id*.

RCW 9.94A.525 governs calculation of an offender score. Effective July 23, 2023, the legislature amended RCW 9.94A.525(1)(b) to eliminate inclusion of most juvenile adjudications from the calculation of an offender score. LAWS OF 2023, ch. 415, § 2.

Two statutes govern the effect of amendments to sentencing statutes. *Jenks*, 197 Wn.2d at 713. RCW 9.94A.345 states, "Except as otherwise provided in [the Sentencing Reform Act (SRA), chapter 9.94A RCW], any sentence imposed under this chapter shall be determined in accordance with the law in effect when the current offense was committed." Our Supreme Court has held that

RCW 9.94A.345 requires the superior court to apply the law in effect at the time of the crime when sentencing a defendant. *Jenks*, 197 Wn.2d at 715.

> In addition, RCW 10.01.040, the savings clause statute, states in relevant part:
>
> Whenever any criminal or penal statute shall be amended or repealed, all offenses committed or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.

RCW 10.01.040 applies only to substantive, not procedural, amendments to the SRA. *Jenks*, 197 Wn.2d at 721. Although the legislature is not required to explicitly state its intent for an amendment to penal statutes to apply to pending prosecutions for crimes committed before the amendments effective date, it must fairly convey that intent to avoid application of the savings clause. *Id*. at 720.

The legislature stated that its intent for the amendments to RCW 9.94A.525(1)(b) was to facilitate rehabilitation, reintegration, and due process. LAWS OF 2023, ch. 415, § 1. The legislature also recognized the research on juvenile brain development and the disproportionate impact of juvenile conduct on adult sentences. LAWS OF 2023, ch. 415, § 1. However, nothing in the statement of legislative intent "fairly conveys" that the legislature intended to avoid application of RCW 10.01.040 and RCW 9.94A.345.[2] *See Jenks*, 197 Wn.2d at 720. Further, because the

---

[2] LAWS OF 2023, ch. 415, § 1 states:

> The legislature intends to:

amendments affect the calculation of an offender score, they are a substantive, not procedural, change in the law. *See id*. at 721 (Changes to criminal punishments are substantive not procedural.). Therefore, RCW 9.94A.345 and RCW 10.01.040 require that Lam's offender score be calculated by the law in effect at the time of his offense. *See id*. at 716, 721-22; *State v. Tester*, 30 Wn. App. 2d 650, 656, 546 P.3d 94, *review denied*, No. 103101-7 (Wash. Oct. 9, 2024); *State v. Troutman*, 30 Wn. App. 2d 592, 599-600, 546 P.3d 458, *review denied*, 3 Wn.3d 1016 (2024).

Lam argues that because an offender score is calculated at the time of sentencing, the trial court correctly applied the legislative amendments prospectively at his sentencing, which occurred after the effective date of the legislative amendment. Both this court and Division One have stated that the triggering event for determining a defendant's offender score is sentencing, "at which the offender score is calculated." *Tester*, 30 Wn. App. 2d at 656-57; *Troutman*, 30 Wn. App. 2d at 600. However, in both *Tester* and *Troutman*, the defendant's sentencing occurred before the

---

(1) Give real effect to the juvenile justice system's express goals of rehabilitation and reintegration;

(2) Bring Washington in line with the majority of states, which do not consider prior juvenile offenses in sentencing range calculations for adults;

(3) Recognize the expansive body of scientific research on brain development, which shows that adolescent's perception, judgment, and decision making differs significantly from that of adults;

(4) Facilitate the provision of due process by granting the procedural protections of a criminal proceeding in any adjudication which may be used to determine the severity of a criminal sentence; and

(5) Recognize how grave disproportionality within the juvenile legal system may subsequently impact sentencing ranges in adult court.

effective date of the legislative amendments, and therefore, the legislative amendments could not apply prospectively.  *Tester*, 30 Wn. App. 2d at 656-57; *Troutman*, 30 Wn. App. 2d at 600.[3]

Here, however, Lam's sentencing took place after the effective date of the legislative amendments; therefore, the legislative amendments would be applied prospectively at Lam's sentencing.  But prospective application of the legislative amendments creates a direct conflict with RCW 10.01.040 and RCW 9.94A.345, which require determining sentences based on the law in effect at the time of the offense.  Because "'the fixing of legal punishments for criminal offenses is a legislative function,'" the statutory scheme created by the legislature must be given effect. *Jenks*, 197 Wn.2d at 713 (internal quotation marks omitted) (quoting *State v. Hughes*, 154 Wn.2d 118, 149, 110 P.3d 192 (2005), *abrogated on other grounds by Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006)).  The legislature has expressly determined that sentences must be imposed based on the law at the time of the offense—not at sentencing—unless stated otherwise.  Therefore, despite the prospective application of the legislative amendments to

---

[3] We acknowledge that *Jenks* held that the triggering event for the statute at issue in that case, which related to persistent offenders, was conviction rather than sentencing.  197 Wn.2d at 722. The court's holding that the triggering event was conviction is consistent with the persistent offender statute, which involves determining whether someone qualifies as a persistent offender. *Id*.  In other words, qualifying as a persistent offender is a status that is established when an offender is convicted of a third most serious offense.  And despite holding that the triggering event for the persistent offender statute is conviction, *Jenks* expressly stated that "RCW 9.94A.345 commands sentencers to look to the law in effect at the time of the crime" and "RCW 10.01.040 requires that Jenks be sentenced under the regime that existed *prior* to [the amendment]" *Id*. at 716, 720.

Further, as in *Tester* and *Troutman*, Jenks' conviction occurred before the effective date of the legislative amendments at issue.  *Id.* at 721-22.  Therefore, the court in *Jenks* had no occasion to address the conflict between prospective application and RCW 10.01.040 and RCW 9.94A.345.

Lam's sentencing, RCW 10.01.040 and RCW 9.94A.345 control. Accordingly, Lam's offender score must be determined based on the law in effect at the time of his offense.

Finally, Lam argues that the legislative amendments should apply to his sentencing because the amendments were remedial. "'A statute is remedial when it relates to practice, procedure, or remedies and does not affect a substantive or vested right.'" *State v. Pillatos*, 159 Wn.2d 459, 473, 150 P.3d 1130 (2007) (quoting *Miebach v. Colasurdo*, 102 Wn.2d 170, 181, 685 P.2d 1074 (1984)). But our Supreme Court has "repeatedly made clear that changes to criminal punishments are substantive, not procedural." *Jenks*, 197 Wn.2d at 721. Because calculation of an offender score determines criminal punishment, the legislative amendments to RCW 9.94A.525 are substantive, not procedural. Therefore, the legislative amendments are not remedial. Moreover, whether an amendment is remedial is irrelevant if the statute is subject to RCW 10.01.040. *Tester*, 30 Wn. App. 2d at 658-59.

RCW 10.01.040 and RCW 9.94A.345 require that criminal sentences be determined by the law in effect at the time of the offense. Therefore, the superior court erred by calculating Lam's offender score based on the legislative amendments to RCW 9.94A.525(1)(b), which did not become effective until after Lam committed his offense. We reverse Lam's sentence and remand to the trial court to recalculate Lam's offender score based on the law in effect at the time Lam committed his offense.

No. 59558-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Cruser, C.J.

Veljacic, J.